IN

# THE SUPREME COURT

OF

## PENNSYLVANIA.

NORTHERN DISTRICT, JULY TERM, 1842.

## Michew *against* M'Coy.

A judgment by default in an action of ejectment, without an affidavit of the service of the writ, is erroneous.

If an attorney appear for a defendant and plead to issue, and afterwards the appearance and pleas be withdrawn by leave of the court, the cause stands as if there had been no appearance.

WRIT OF ERROR to the Common Pleas of *Luzerne* county.

William M'Coy against James Michew, Neal M'Connell and Dennis M'Garatty.

This was an action of ejectment for a tract of land in Hazle township, Luzerne county, containing 294 acres or thereabouts. The summons issued against James Michew, Neal Connor and Dennis Rodey. By endorsement thereon, the sheriff returned "Made known the contents of this writ by copies to James Michew, Neal M'Connell and Dennis M'Garatty, tenants in possession;" and *nihil* as to Neal Connor and Dennis Rodey. No other return was made by the sheriff, and no affidavit of the sheriff or other officer having served the writ, stating the manner in which said service was made, was at any time filed or made. An appearance and plea had been entered by counsel, both of which were withdrawn by consent of the court. After this, a judgment was

(501)

[Michew v. M'Coy.]

entered against the three defendants for the whole premises laid in the summons in ejectment.

Error assigned:

The court erred in entering judgment against the defendants without an affidavit of the service of the writ.

*Mallery* and *B. Tilghman,* for plaintiff in error, referred to the 2d section of the Act of 13th April 1807, (*Stroud's Purd.* 333), which provides that a judgment by default in ejectment may be entered upon an affidavit that the writ was served. After the appearance and pleas were withdrawn, the cause stood as if there had been none; and the plaintiff could then only proceed to judgment by the way which the Act of Assembly provides. 3 *Penn. Rep.* 70; 2 *Arch. Pr.* 28; 5 *Watts* 69.

*M'Clintock* and *Butler, contra,* cited the *Act of* 13*th June* 1836, *sect.* 79, on the subject of the *Commencement of Actions,* which, they argued, dispensed with the necessity of an affidavit of service. But when parties appear by their counsel and plead to issue, and, when a jury is called to try the cause, they withdraw their appearance and plea, it is tantamount to a confession of judgment; and when all things are presumed to be rightly done, this court will not disturb the judgment. 2 *Watts & Serg.* 135.

The opinion of the Court was delivered by

Gibson, C. J.—The common law abhors an *ex parte* proceeding, whose end is not to compel a contumacious party to come in; and it consequently knows no such thing as judgment for want of appearance. It deems the jurisdiction of the person to be incomplete until the party has submitted himself by appearing; and hence its recourse to the dilatory process of outlawry rather than pass on the right of an absent defendant, though that does not allow the court to proceed in the action even when judgment of outlawry has been pronounced, but gives the plaintiff satisfaction of his debt out of the outlaw's effects found by the inquest. On the same principle it will not try a prisoner charged with an offence, who refuses to plead. It is evident from this, that the common law does not permit a judgment *in personam* to be rendered against an absent party in any case; and every judgment for want of appearance, which is not supported by a statute, is consequently irregular. Our Act of 1807 authorizes it in ejectment; but only where it is preceded by an affidavit of service; and this requisite has not been dispensed with in any subsequent enactment. In the present case, a general appearance was actually entered, and all question about service or default was at an end; the parties were before the court, and the process had done its office. The cause was put at issue in the usual way; but the court permitted the defendant's attorney to withdraw his appearance and plea at the trial,

[Michew v. M'Coy.]

and instantly gave judgment for the plaintiff. Now, to say nothing of the want of an affidavit of service, which would have offered a decisive objection to such a step in the first instance, it is sufficient to say that when the exigence of the writ has been answered by an appearance recorded, but subsequently vacated by the attorney's death, removal, or retirement from the court, the course is not to sign judgment for what the client could not prevent, but *to rule him into court by a fresh appearance in person or by counsel*; for there must always be an appearance by party, or by counsel responsible for him to the court. Such a rule is a monition for his benefit, which he may disregard without incurring any other penalty than suffering the other party to have an appearance entered for him; and the practice is the same whether the defendant's, or the plaintiff's appearance has been vacated. But though I have known instances of a rule to appear again in person or by new counsel, there is seldom occasion to resort to it.

The practice of our courts has been modelled after that of the Common Pleas at Westminster, whose process is summons and distress infinite, according to the usage of the common law, (*Introd. to Cromp. Pr. Ch. V.*), and which consequently does not authorize a judgment by default for want of appearance. Strictly speaking, that judgment was authorized, for the first time in Pennsylvania, by the Act of 1806 to regulate arbitrations and proceedings in courts of justice. By the Act of 1725 to regulate the practice on writs of summons and arrest, the plaintiff was allowed, after affidavit of service, to file a common appearance for the defendant and proceed to judgment against him by *nil dicit*, which was indeed a species of judgment by default; but it is remarkable that the British Parliament, though borrowing copiously from that Act in the formation of the recent Statute of 2 W. 4, c. 39, yet adhered to the common law principle of authorizing the plaintiff, in case of the defendant's default, only to enter an appearance for him. This reluctance to dispense with an appearance which would put the plaintiff to the proof of his case before a jury, shows pretty clearly the tone of the common law.

As, then, this judgment is unauthorized by any statute, how is it to be supported? It is said the withdrawal of the appearance and plea, was understood, at the time, to be a confession of judgment. But no such understanding is apparent in the case as it stands on the record, by which alone we must be guided. There certainly was no confession before the attorney's appearance was withdrawn; and he was incompetent to bind the defendants after he had ceased to represent them. In cases of judgment by *non sum informatus*, or *nil dicit*, the attorney's appearance is not withdrawn because there could be no judgment without it. It follows not that the client is defenceless because his counsel may have been permitted to retire from his cause; and it might be matter of grave surprise to him, as it seems to have been to these defendants,

to find his defence precluded by it. Even where he has shown himself to be personally in default, there is a sufficient remedy in having his appearance recorded for him. If the plaintiff has been delayed, in this instance, it has been his own fault; for it is not to be believed that the court would have suffered the appearance to be retracted against his consent. That done, however, nothing remained but to rule the defendants into court to try the cause in the usual way.

Judgment reversed, and *venire facias de novo* awarded.