THE UNITED STATES, APPELLANTS, v. HENRY YATES AND ARCHIBALD McINTYRE.

Under the peculiar circumstances of this case, the counsel for the appellees was permitted to strike out his appearance, but such withdrawal must not authorize a motion to dismiss for want of a citation.

The appearance of counsel does not preclude a motion to dismiss for the want of jurisdiction, or any other sufficient ground, except the want of a citation. It is

the practice of the court to receive such motions after an appearance has been entered.

Under the rules of this court, it is, in general, of no importance to the appellant, whether an appearance for the appellee is or is not entered on the record. If the appeal has been regularly prosecuted, he is as much entitled to judgment in the one case as in the other.

THIS was an appeal from the District Court of the United States for Louisiana, under the act of Congress passed on the 17th of June, 1844, providing for the adjustment of land claims within the States of Louisiana, Arkansas, &c.

A motion was made by *Mr. Baldwin,* whose name appeared as counsel for the appellees, to strike out his appearance, and in support of the motion he filed the following affidavit and letter.

"Harvey Baldwin, of the city of Syracuse in the State of New York, being duly sworn, saith, — That he is the attorney and counsel of the above-named appellees, and as such brought and assisted in the trial of the above-entitled suit in the District Court of Louisiana.

"That this deponent set out from his residence aforesaid for Europe, on the 10th day of July last, and returned therefrom on the 28th or 29th of December last.

"That while in Europe, this deponent, by a letter from his clerk, was informed, that, owing to some irregularities touching the appeal, said cause was at an end and would not be further prosecuted, or language to that effect. But this deponent was subsequently informed, by a letter from his wife, that the appeal taken therein was not abandoned, and that the return thereto would soon be filed, or words to that effect. Whereupon this deponent wrote to Major Hobbie, Deputy Postmaster-General of this city, and requested him to call on Mr. Carroll, the clerk of this court, and take such measures in the name of this deponent as might be necessary to save default, and protect the rights of this deponent's clients therein; which letter this deponent has since his arrival in this city obtained from said Hobbie, and, together with the envelop thereof, is hereunto annexed.

"And this deponent further saith, that, since his arrival in this city, he has been informed by the clerk of this court that said Hobbie called on him, on or about the 29th day of December last, with the letter from this deponent, and ordered the appearance of this deponent entered for the appellees in said suit, and that said appearance was thereupon entered, pursuant to such direction and request.

"And this deponent further saith, that, having been apprised that there were some irregularities in regard to said appeal,

he did not intend to have his appearance entered in said cause if by so doing it would prevent said appellees from taking advantage of such irregularity.

"And this deponent further saith, that, having since his arrival in this city seen the return to said appeal, he is satisfied that irregularities touching the appeal in said cause do exist, and as the counsel for said appellees deems it his duty, as at present advised, to present them to the consideration of this honorable court.   And further saith not.

HARVEY BALDWIN.

"Sworn to in open court, 15th February, 1848.

WILLIAM THOMAS CARROLL,
*Clerk of Supreme Court U. S.*"

*"Frankfort on the Maine, November 15th,* 1847.

"My dear Sir, — I wrote you a hasty note this morning, via Liverpool, requesting your kind attention to a suit I have in the United States court, — Yates and McIntyre *vs.* The United States, appeal from District Court of Louisiana by United States, under the act of Congress of 1844.

"Since I arrived in this country, I have been informed that the appeal was abandoned, or, owing to some irregularity in appellants' proceedings, the appeal was at an end.

"This may or may not be so. If return has been made, my appearance for appellees ought, I suppose, to be entered; but I do not wish, by entering an appearance, to waive any irregularity or advantage which the appellees may have, without their consent. Will you do me the favor to call on Mr. Carroll, the clerk, and take such measures, in my name, as may be necessary to save default and protect the rights of my clients.

"I ought in justice to myself and them to say, that, under ordinary circumstances, they would not regard mere technicalities; but the lands in question have cost them more than they can ever hope to realize with the titles confirmed. For twenty years they have been struggling to get the government to do that which, by the terms of the treaty of 1803, it solemnly promised to do, and the doing of which formed, *stricti juris,* a condition precedent to the perfection of its own title. Until this is or shall be done, our property remains unavailable. If, therefore, the government has by laches lost the right to prosecute the appeal, I see no reason, under the circumstances, why we should restore it to them.

"When you look into the matter, do whatever may be necessary to protect our interest, and hold me accountable at our first meeting, which I now hope will be some time in the month of December next.

H. BALDWIN."

Mr. Chief Justice TANEY delivered the opinion of the court,

Upon the affidavits filed, the court will permit the attorney who has appeared for the appellees to withdraw his appearance. But this leave will not authorize a motion to dismiss for want of a citation, nor for mere irregularity in its service, provided the appeal is in other respects regularly brought up and authorized by law. The citation is merely notice to the party, and his appearance in person or by attorney is an admission of notice on the record, and he cannot afterwards withdraw it.

But the appearance does not preclude the party from moving to dismiss for the want of jurisdiction, or any other sufficient ground, except for the one above mentioned. And a motion of that kind is, in the practice of this court, usually and most properly made by the attorney after his appearance is entered on the docket. And if such a motion is intended to be made in this case, the withdrawal of the appearance is not necessary to give the appellee a right to make it.

The serious objections which often exist to permitting an attorney to strike out his appearance for a defendant in a court exercising original jurisdiction, do not apply in an appellate court. And under the rules of this court, it is, in general, of no importance to the appellant, whether an appearance for the appellee is or is not entered on the record. For if he is entitled to his appeal, and has prosecuted it to this court according to law, the refusal or omission of the appellee to appear will not delay the trial, and a judgment against him will be as conclusive as if an appearance for him had been entered on the docket, and the case argued by his counsel.

### Order.

On consideration of the motion by Mr. Baldwin, for leave to strike out his appearance, which had been improvidently entered (by an agent of his) for the appellees in this cause, and of the arguments of counsel thereupon had, as well against as in support of the motion, it is now here ordered by the court, that the leave prayed for be and the same is hereby granted.

### Note by the Reporter.

The case was afterwards dismissed, upon the same grounds as in the preceding case of The United States v. Curry and Garland.