## GRAHAM *v.* SPENCER.

*(Circuit Court, D. Massachusetts.* December 20, 1882.)

1. FOREIGN JUDGMENT—IMPEACHMENT.
    Where a foreign judgment is sued on or is set up in bar, the party supposed to be bound by it may aver and prove, even in contradiction of the record, any jurisdictional fact appearing therein, as that he was not a resident within the territorial jurisdiction of the court rendering it; that he was not personally served with process within that jurisdiction; and that the attorney who appears for him had no authority to do so.

2. JURISDICTION—BY ATTACHMENT.
    An attachment gives no jurisdiction over the person; and a law of the state cannot authorize its courts to enter judgment against a non-resident not served which will be valid even against property within the state, except such as has been attached on *mesne process.*

3. SAME—APPEARANCE—WITHDRAWAL OF.
    The appearance of a non-resident defendant by attorney, to plead to the jurisdiction of the court only, and the withdrawal of such appearance by leave of court, is not a submission of defendant's person to the jurisdiction of the court, but leaves the case as if there had been no appearance.

4. SAME—AUTHORITY OF ATTORNEY.
    A record which shows an appearance by attorney may be explained by proof that the attorney was not authorized to submit the defendant to the jurisdiction of the court.

5. JUDGMENT—RES ADJUDICATA.
    The judgment of the state court overruling the plea to the jurisdiction, was not a decision upon the question of the submission of defendant's person to the jurisdiction so as to make it *res adjudicata.*

At Law.

Trial by jury having been waived, the court found the following facts:

This is an action upon a judgment rendered in the county court at Windsor, Vermont, at the term which began December 2, 1873, for the plaintiff against the defendant, for $3,880 debt, and $33.01 costs of suit, and interest amount-

ing now to more than $5,000. The record of that action, and the docket entries therein, are made part of this finding. The defendant, with Joseph Vila, Jr., and Jabez F. Wardwell, were sued in *assumpsit*, and were described as formerly partners under the firm of Spencer, Vila & Co., of Boston, and all as residing in Massachusetts, which was the fact. The return of the officer set out an attachment of 800 shares of the preferred stock of the Rutland Railroad Company as the property of this defendant, and a service of the summons by leaving a copy with the officers of the company in Vermont, where that corporation had its abode. The writ was returnable in May, 1873, and at that time the appearance of the Hon. Julius Converse, an attorney of the court, was entered on the docket in the usual form, and a plea in abatement and motion to dismiss were filed by him for this defendant on the ground that the attached shares were not his and that he had not been served with process. To the word " Converse," on the docket, in the handwriting of the clerk, were added, in the hand of Mr. Converse, the words, " for Spencer." The clerk of the court testified that he had no doubt that he was told by Mr. Converse to enter his appearance, but in what words he could not say. It might be that Mr. Converse handed him the plea in abatement and said, merely, I appear for the defendants, or for Spencer, or something to that effect. Mr. Converse was not examined, but it was admitted that he is very old, and not in a mental condition to recollect what occurred. The defendant received by mail, from the clerk of the railroad company, as he supposed, a copy of the summons, and consulted with Mr. Keith, an attorney of Boston, who advised him not to enter a general appearance, or submit to the jurisdiction, but said that he might safely plead to the jurisdiction. The defendant authorized Mr. Keith to employ an attorney in Vermont, for this purpose, and for no other, and Mr. Keith wrote a letter to Mr Converse, a copy of which is made part of this case, in which he said, among other things, "You will, of course, guard against giving your court jurisdiction by a *general appearance*, if they have not jurisdiction on their assumed attachment, and you can judge best as to the best means of testing that question." The plea in abatement and motion to dismiss were overruled at the May term. At the December term the case was set for trial, but was not tried, and before the time for trial came, Mr. Converse, by leave of court, withdrew his appearance. The docket shows that this was December 24th. On the same day, the defendant Spencer was defaulted. A motion for leave for the officer to amend his return was made; when, does not appear. It was tried December 31st and denied. The case was dismissed, as to Vila and Wardwell, who had not been served with process, and whose property, or supposed property, had not been attached.

Rule 11, of the county court, is as follows;

"If an action shall have been continued for trial, and no special plea shall have been filed within the rule, the general issue shall be considered as pleaded, and the defendant may proceed to trial thereon."

The defendant offered to prove in the case here that he had a valid defense to the original action in Vermont; but the court ruled that such evidence was immaterial.

*J. B. Richardson*, for plaintiff.

*E. R. Hoar* and *E. F. Hodges*, for defendant.

Lowell, C. J. It was said in argument by the senior counsel for the plaintiff, who is in a position to know the law of Vermont, that the courts of that state still adhere to the doctrine which was supposed to have been announced in *Mills* v. *Duryee*, 7 Cranch, 481, that judgments of one state are to be treated in the courts of another state precisely like domestic judgments, so that, for example, the record of service, or of appearance, cannot be contradicted. The latest case which he cited was *Lapham* v. *Briggs*, 27 Vt. 26, decided in 1854. I have not examined the later reports, because the supreme court, as early as 1848, had held that the record of a circuit court which recited a general appearance for two defendants might be "explained" by proof that he intended to appear for one only, and the same court, following and approving the many able judgments upon the subject in the courts of the states, have held that in any court, whether of the states or of the United States, in which a foreign judgment is sued upon, or is set up in bar, the party supposed to be bound by the judgment may aver and prove, even in contradiction of the record, that he was not a resident within the territorial jurisdiction of the court giving the judgment, that he was not personally served with process within that jurisdiction, and that the attorney who appeared for him had no authority to do so.

The rule that a record shall not be impeached is largely a rule of convenience, and it is held to be more inconvenient, and therefore more unjust, to turn an injured person over to an action against a sheriff or an attorney in a foreign state, than to permit the truth to be shown in a collateral action. *Galpin* v. *Page*, 18 Wall. 350; 3 Sawy. 93.

A joint judgment against two defendants, when only one has been served with process within the state, is a nullity as to the other. *D'Arcy* v. *Ketchum*, 11 How. 165. Any jurisdictional fact appearing in the record of a foreign judgment may be met by plea and proof to the contrary, such as, that the seizure of a vessel was made in a certain county, (*Thompson* v. *Whitmore*, 18 Wall. 457;) that personal service was made, (*Knowles* v. *Gas-light Co.* 19 Wall. 58;) if an appearance was entered that it was not authorized, and this, though the case has been tried on its merits against one defendant, who, apparently, acted for both, (*Hall* v. *Lanning*, 91 U. S. 160.) Personal notice out of the jurisdiction is of no value. *Bischoff* v. *Wethered*, 9 Wall. 812. It has been held in Pennsylvania that an acceptance of service out of the jurisdiction means only a waiver of service at the place where it

was accepted, and therefore gives no jurisdiction.  *Scott* v. *Noble,* 72 Pa. St. 115.  An attachment gives no jurisdiction over the person, and a law of the state cannot authorize its courts to enter a judgment against a non-resident not served which will be valid even against property in the state, except such as has been attached on *mesne process.*  *Pennoyer* v. *Neff,* 95 U. S. 714.

The remaining questions, not fully covered by these authorities, are : (1) Whether, supposing the attorney to have been fully authorized, the facts show a submission of the defendant's person to the jurisdiction of the court.  (2) Whether the authority of the attorney can be qualified by evidence.  (3) Did the court in Vermont decide the above question, thus making it *res judicata ?*

1. It must be admitted that upon the record itself, as it appeared to the court in Vermont, there had been an attachment of the goods of the defendant.  When he appeared and asked leave to contradict the fact of his ownership of the goods, he must be considered, I think, to have waived notice by publication, and no such notice was given.  *U. S.* v. *Yates,* 6 How. 605.

Taking into view the facts that the attorney was instructed that there was a good defense to the action on its merits, but that he was not to make that defense; that, accordingly, he pleaded to the jurisdiction only, and then, by leave of court, withdrew his appearance, we are warranted, by the nature of the case and by the authorities, in saying that no jurisdiction over the person had been acquired.  I assume, throughout this discussion, that the withdrawal is by leave of court.  It was said by an eminent judge that a withdrawal of appearance leaves the case as if there had been no appearance.  *Michew* v. *McCoy,* 3 Watts & S. 501, per GIBSON, C. J.  In that case it was held that no judgment could be entered against the defendant, though there had been personal service upon him.  It was explained, in a later case, that this decision depended upon the particular statute relating to ejectment, and that if personal service has been made in a personal action the defendant may be defaulted when his attorney withdraws.  *Dubois* v. *Glaub,* 52 Pa. St. 238.  In that case, however, the court repeat the saying that a withdrawal leaves the case as if there had been no appearance.  Where a defendant withdraws after pleading to the merits and agreeing to a judgment, his withdrawal is without effect, and merely means that he does not wish to incur more costs.  *Habich* v. *Folger,* 20 Wall. 1.  So, when he withdraws his plea to the merits, without withdrawing his appearance, the jurisdiction is saved, (*Eldred* v. *Bank,* 17 Wall. 545;) but if he with-

draws both his plea and his appearance, and has not been served with process, no valid judgment can be rendered against him. *Forbes* v. *Hyde*, 31 Cal. 346. If he withdraws "without prejudice to the plaintiff," the court may, of course, proceed as if he were still in its presence. *Creighton* v. *Kerr*, 20 Wall. 8.

This last case is noticeable for the incidental remark of HUNT, J., (page 13,) that if the withdrawal of appearance had been unqualified, as in *Eldred* v. *Bank*, 17 Wall. 545, the result might have been the same. In *Eldred* v. *Bank* there was no withdrawal of the appearance, but only of the plea; and the argument of MILLER, J., assumes throughout that if the appearance also had been withdrawn, the jurisdiction must have followed it. I do not mean to say that it would be so unless the plea to the merits had likewise been withdrawn. I have cited two cases from Pennsylvania and one from California, and all other cases which I have seen are to the same effect, that the withdrawal of appearance, when there has been no plea to the merits, or if that, too, has been withdrawn, leaves the case as it was before the appearance was entered. *Lodge* v. *State Bank*, 6 Blackf. 557; *Cunningham* v. *Goelet*, 4 Denio, 71; *Lutes* v. *Perkins*, 6 Mo. 57; *Wynn* v. *Wyatt*, 11 Leigh, 584. I understood it to be admitted that if the appearance has been special in form, and then a withdrawal, the personal jurisdiction would not have attached, as in *Wright* v. *Boynton*, 37 N. H. 9. In several of the cases above cited there is nothing in the report to show that the appearance was special. The fact of the withdrawal after the plea or motion was overruled seems to have been deemed enough. Two cases in the supreme court, taken together, will show that a mere appearance without pleading to the merits is not necessarily a submission. *Jones* v. *Andrews*, 10 Wall. 327; *Harkness* v. *Hyde*, 98 U. S. 476. But it is insisted that by virtue of rule 11 of the court in Vermont the defendant had pleaded the general issue. That rule was intended as a convenience to defendants, and not as a trap for the unwary. It gives a defendant the right to go to trial on the general issue, if he has filed no other plea to the merits. Such a constructive pleading as that cannot be a waiver of personal service. Jurisdiction does not depend upon such conventions. The defendant never did go on trial on that or any other issue to the merits.

2. I am further of opinion that the record may be explained by proof that the attorney was not authorized to submit the defendant to the jurisdiction of the court. This is taken for granted by GRAY, C. J., in *Wright* v. *Andrews*, 130 Mass. 149, 150, even when there

had been a trial on the merits. Here there was no trial, and if the acts of the attorney might, on their face, seem to intend a general appearance, which I hardly think they do, considering the testimony of the clerk; still, as there is no estoppel, because the plaintiff was left, not only as well, but better off than before, because the appearance waived publication, I hold that the limitation of authority may be shown.

3. It is strenuously argued for the plaintiff that the court in Vermont has decided this very question, and it cannot, therefore, be again litigated. I admit the law, but not the fact. It is plain that no question of personal jurisdiction was intended to be submitted, and I conceive that none such was submitted by the plea in abatement. Why the plea was overruled does not distinctly appear. It may have been for defect of form, for such pleas are *stricti juris* in Vermont. *Smith* v. *Chase*, 39 Vt. 89. It may have been that the demurrer to the plea was held to admit only such facts as the record itself did not contradict, and the record showed an attachment. This was probably the ground, for the officer afterwards moved to be permitted to amend his return, which motion was denied. I should be inclined to think that the reason which I assume to have governed the court was a perfectly valid ground for all that was done. It is not usual or convenient, at least in New England, to contest an attachment in the action itself in which it is laid. If the defendant did not own the shares of stock, no levy could be successfully made upon them, and none has been made. The judgment is wholly unsatisfied. He was not injured by the mistake.

When the plea was overruled, the proper order of the court was that the defendant answer over. He might do so if he pleased. When he withdrew, with leave of the court, the consequences followed which I have before explained, but the judgment was properly and regularly entered in full against him. The form of judgment is not objected to, and is always the same, whether its operation is personal or only *in rem*. Therefore, the form of the judgment is not only correct, but it proves nothing as to the grounds for overruling the plea. Now that we have established, by virtue of our laws of attachment, a qualified jurisdiction *in rem* over non-residents, it would be well to change our form of judgments in those cases, but Vermont has not done so, nor any other state, so far as I am informed. We still follow the old form adapted to the old cases of undoubted jurisdiction, but of doubted regularity of procedure, in which, if there were no plea, or if it were overruled, the judgment was entered in chief, or the defend-

ant answered over, as the case might be. If the defendant had not appeared, the judgment would have been precisely what it was here.

It is asked why did the defendant appear, if not to submit generally to the jurisdiction, when, if he had stayed away, the present questions could not have been mooted. He may not have been wise, but his motive probably was to prevent the recovery of a judgment, which, as the law of Vermont is understood to be, and as it undoubtedly was in 1873, would be held a valid personal judgment against him in that state. Decisions of the state courts, affirming the validity of judgments obtained in other states, could not have been reviewed by the supreme court of the United States until the adoption of the fourteenth amendment, and I do not know that any such case has been so reviewed since that time, though there is an intimation in *Pennoyer* v. *Neff*, 95 U. S. 714, that such a jurisdiction may now exist. It was therefore of some importance to the defendant to prevent a judgment from being obtained which might oblige him to avoid the state of Vermont, which he had some occasion to visit.

I decide that the judgment sued on is not a valid personal judgment against the defendant. Twenty days are given for settling a bill of exceptions, after which there will be judgment for the defendant.