HOHORST *v.* HAMBURG-AMER. PACKET Co. *et al.*

*(Circuit Court, S. D. New York.   April 1, 1889.)*

1. FEDERAL COURTS — CIRCUIT COURTS — JURISDICTION— IN WHAT DISTRICT AC
     TION SHOULD BE BROUGHT.
     A steam-ship company, incorporated under the laws of, and having its principal office in, a European country, between which and the port of New York city its vessels ply, and whose piers for the lading and unlading of its cargoes are in New Jersey, where its office for the transaction of its industrial operations in America is kept, but whose financial and monetary operations are conducted at the office of its agents in New York city, which office it advertises as its New York office, is not suable in New York under act Cong. March 3, 1887, § 1, requiring actions to be brought in the district of which the defendant is an "inhabitant."

2. APPEARANCE—SPECIAL APPEARANCE.
     If, after a defendant files a general notice of appearance, the bill is amended so that a demurrer thereto for want of jurisdiction will no longer lie, he will be permitted to amend his general notice to make it special only, unless the complainant will stipulate to withdraw his amended bill, and proceed on the original.

Bill to Restrain Infringement of Patent.

Motion to amend notice of appearance by limiting the same to a special appearance to set aside service of process and to dismiss.

*W. D. Edmonds,* for the motion, cited:

*Connor* v. *Railroad Co.,* 36 Fed. Rep. 273; *Vannerson* v. *Leverett,* 31 Fed. Rep. 376; *Jessup* v. *Railroad Co.,* 36 Fed. Rep. 735; *Halstead* v. *Manning,* 34 Fed. Rep. 565; *Manufacturing Co.* v. *Manufacturing Co.,* Id. 818; *Reinstadler* v. *Reeves,* 33 Fed. Rep. 308; *Preston* v. *Fire Extinguisher Co.,* 36 Fed. Rep. 721; *Manufacturing Co.* v. *Manufacturing Co.,* 34 Fed. Rep. 818; *Holmes* v. *Railroad Co.,* 9 Fed. Rep. 229; *Denton* v. *International Co.,* 36 Fed. Rep. 1; *U. S.* v. *Yates,* 6 How. 605; *Hunt* v. *Brennan,* 1 Hun, 213; *Becker* v. *Lamont,* 13 How. Pr. 23; *Sullivan* v. *Frazee,* 4 Rob. (N. Y.) 616.

*Salter T. Clark,* for complainant, cited:

*Creighton* v. *Kerr,* 20 Wall. 8; *Norris* v. *Steam-Ship Co.,* 37 Fed. Rep. 279.

LACOMBE, J.    That the court has power to allow a general notice of appearance to be amended so as to make it special only seems to be well settled.    *U. S.* v. *Yates,* 6 How. 605.    The defendant prays for this relief solely, as it insists, because since filing the notice of appearance the bill has been amended so that it can no longer be demurred to for want of jurisdiction.    The motion will be granted unless within five days after entry and service of this order the complainant shall stipulate to withdraw his amended bill, and go to trial on the original bill.

The defendant the Hamburg-American Packet Company further moves to set aside the service of process upon it because this court has no jurisdiction of the person of such defendant.    The suit is brought by a citizen and resident of the state of New York to restrain infringement of a patent, and for damages.    As such it is covered by the clause of section 1 of the act of March 3, 1887, which provides that no civil suit
          v.38F.no.4—18

shall be brought against any person by any original process or proceedings in any other district than that whereof he is an inhabitant.    The Hamburg-American Packet Company is incorporated under the laws of a European government.    Its principal offices and place of business are, and always have been, situated in the city of Hamburg, Germany; all its directors and stockholders being residents of the German empire. The business of the said company is that of an ocean carrier between foreign ports and the port of New York.    Its financial agents in this country are Kunhardt & Co.; and it advertises their office as its office in New York.    By Kunhardt & Co., as its agents here, its usual monetary and financial transactions are conducted, but the piers to which its vessels come are in New Jersey.    There it receives and discharges cargo, and maintains an office for the transaction of the matters immediately connected with its actual industrial operations in this country.    Upon this state of facts the defendant the Hamburg-American Packet Company cannot be considered an inhabitant of the Southern district of New York. If the general appearance be amended as prayed, an order may be entered setting aside the service of process upon that company.