## JENKINS v. YORK CLIFFS IMP. CO. et al.

### (Circuit Court, D. Maine. August 26, 1901.)

### No. 532.

1. APPEARANCE—EFFECT OF WITHDRAWAL BY LEAVE OF COURT.

While the withdrawal by a defendant of an appearance entered through a misapprehension, by permission of the court, relieves him from an unintended waiver of fundamental questions as to the jurisdiction, it does not authorize him to attack the service made upon him on a mere matter of form.

2. SAME—WHEN SPECIAL—PLEA TO JURISDICTION.

The federal courts do not apply the strict rules of the common law to substantial issues relating to jurisdiction, but, especially when the question arises on the face of the bill, such issues may be raised by the parties or by counsel, by plea, motion, or suggestion; and where a plea raising such an issue is signed by counsel his appearance will be considered as limited, and for that purpose alone.

3. JURISDICTION OF FEDERAL COURTS—DIVERSITY OF CITIZENSHIP.

In a bill in equity, brought in the United States circuit court, by one complainant against several defendants, in which the only basis of jurisdiction was diversity of citizenship, the complainant was a citizen and resident of a state other than that of the district in which the suit was brought, some of the defendants were citizens and residents of the state constituting the district in which the suit was brought, and one of the defendants was a citizen and resident of a state other than that of such district, and other than that of which the complainant was a citizen and resident. Service was secured on all the defendants within the district where the suit was brought. *Held*, that the court had no jurisdiction over the last-named defendant.[1]

In Equity. On plea to jurisdiction.

Bird & Bradley and Geo. F. & Leroy Haley, for complainant.

G. C. Yeaton, for respondents.

PUTNAM, Circuit Judge. This is a bill in equity, raising on a plea by the respondent Vermeule an issue of jurisdiction. The topic has been before us in this case on several occasions, when we have expressed our views orally from our recollection of the rules laid down by the supreme court. Our examination of the authorities shows that we had them correctly in mind, and we will now make some formal references to them.

The complainant is a citizen and resident of New Jersey, the respondent Vermeule is a citizen and resident of the state of New York, and the other respondents are citizens and residents of Maine. As the matter now comes before us, Vermeule claims that the bill is brought in a district of which neither he nor the complainant is a resident, and that, therefore, this court has no jurisdiction over him. This is the only question now before us, although, as already said, we deem it well, in this opinion, to point out the various steps by which that condition of the issues has ultimately been reached. It is not now questioned by the complainant that the residences of the parties are as claimed by Vermeule. Vermeule passes his summer

[1] Diverse citizenship as ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.

vacations in Maine, and he owns or controls a dwelling house there, where the subpœna in this case was served by the marshal. The return states that the subpœna was served by leaving a copy thereof at the dwelling house of Vermeule, in the district of Maine, with his wife, an adult person, and that she was, at the time of service, a member of his family. The facts alleged in the return have not been challenged, by affidavit or otherwise, so that the question whether or not a valid service was made on Vermeule within the district of Maine is raised on the face of the return. Equity rule 13 requires that a copy of the subpœna be left "at the dwelling house or usual place of abode of each defendant, with some adult person who is a member or resident in the family." A cursory examination of the return seems to support it as conforming to this rule, if it is valid. It certainly conforms to its letter, although it would have been more satisfactory if the return had stated that a copy was left at "the dwelling house and usual place of abode" of Vermeule within the district of Maine. However, the question of the proper service of the subpœna is not now before us for two reasons—first, the plea to the jurisdiction presents only the issue of law arising out of the fact that Vermeule is not a resident in the district of Maine, and thus it necessarily waives any question as to the manner of service of the subpœna; and, second, the circumstances attending the appearance entered in the cause in behalf of Vermeule come to the same result.

A member of this bar entered a general appearance for Vermeule on the return day of the subpœna. Afterwards he moved the court that his appearance be stricken out, on the ground that it was made through misapprehension; and we, exercising the broad equity powers always exercised by the federal courts in this regard, granted the application. The complainant maintains, on the one hand, that the respondent, having thus appeared, waived the question of jurisdiction so far as residence in the state is concerned, which, according to well-settled rules, he might have done. On the other hand, the appearance having been stricken out, the question was suggested whether or not the result thereof was not to open all matters with reference to the method of serving the subpœna, as well as the point against jurisdiction arising out of the fact that Vermeule does not reside within the district of Maine. The court expressed its opinion adversely to both propositions, holding, as to the first, that it had broad equitable powers with reference to striking out appearances made under misapprehension, thus relieving parties from unintended waivers of all fundamental questions as to jurisdiction or otherwise, but that, an appearance having been entered, it followed, necessarily, that the respondent for whom it was entered must, impliedly, have received notice of the pendency of the cause, and that, consequently, the mere matter of form of service on him could not be afterwards opened. In all these respects the court is sustained by the propositions announced in U. S. v. Yates, 6 How. 605, 606, 608, 12 L. Ed. 575. It is not necessary to refer to that opinion in detail, or to the subsequent opinions of the supreme court showing that our decision on these propositions harmonizes with the settled rules of practice of the federal tribunals. Rio Grande Co. v. Gildersleeve,

174 U. S. 603, 19 Sup. Ct. 879, 43 L. Ed. 1106, cited by the complainant, is not in point, because there the court did not use its equitable powers with reference to striking out appearances, but the attorney withdrew his appearance without leave. In the former case the appearance is annulled, and remains of no effect whatever; but, where an attorney merely withdraws his appearance without leave of court, it remains effective so long as it stood, and therefore it continues to operate as a waiver of questions of jurisdiction, so far as such questions can be waived.

Coming to the issue which we have now to determine, the plea of Vermeule raising it was signed by a solicitor, whose appearance for that purpose must be accepted, under the practice of the federal tribunals as settled by the supreme court, to be limited to the purpose of entering the plea. Nevertheless, the complainant seeks to apply to a federal court, with reference to a question of statutory jurisdiction, the technical rules which the common-law courts apply to pleas of abatement; and he maintains that, inasmuch as the plea at bar was signed by counsel of this court, the respondent has necessarily, in accordance with the strict rules of the common law, submitted to its jurisdiction. It is to be borne in mind, however, that the question of jurisdiction in this case appears on the face of the bill; and with reference to such questions thus appearing, and, indeed, with reference to all substantial issues of jurisdiction, the strict rules of the common law are not applied by the federal courts, but they may be raised by the parties, by counsel, by friends of the court, by plea, by motion, by suggestion, and, indeed, often by the court itself. The authorities on this point are so numerous that it is not necessary to refer to them, but the case in which this practice is perhaps most conveniently stated, so far as the want of jurisdiction appears on the face of the bill or declaration, is found in Coal Co. v. Blatchford, 11 Wall. 172, 178, 20 L. Ed. 179. Jurisdictional issues, even when they involve questions of fact, may sometimes be disposed of on a mere motion and affidavits. Wetmore v. Rymer, 169 U. S. 115, 121, 18 Sup. Ct. 293, 42 L. Ed. 682, and elsewhere.

There are some things in this bill which would indicate that it was drawn with reference to section 738 of the Revised Statutes, as reenacted and broadened by section 8 of the act of March 3, 1875 (18 Stat. 472); but it contains a prayer for relief, by the way of an account, of such a character that it is not appropriate to that provision of statute, and, moreover, the form of proceedings so far has taken no cognizance of the directions which the statute contains. Therefore, we must hold that, for the present, the bill is framed under the general equity powers of the court with reference to suits between citizens of different states. The question, therefore, before us is as follows: Inasmuch as the suit was brought in a district in which the complainant is not a resident, must all the respondents be residents of that district? So far as the present jurisdictional statutes are concerned, it was settled authoritatively in Smith v. Lyon, 133 U. S. 315, 10 Sup. Ct. 303, 33 L. Ed. 635, that the circuit court has no jurisdiction on the ground of diverse citizenship when there are divers plaintiffs who are citizens of, and residents in, different states

and districts, if the defendant is also a citizen of, and resident in, a third state and district, though the action is brought in a district in which one of the plaintiffs resides. This case was restated in Greeley v. Lowe, 155 U. S. 58, 68, 15 Sup. Ct. 24, 39 L. Ed. 69. The supreme court has not passed on a state of the record such as we have here, in view of the existing jurisdictional statutes; but the line of reasoning in Smith v. Lyon is as applicable here as to a suit where there are several plaintiffs residing in different districts. We understand Phosphate Co. v. Brown, 20 C. C. A. 428, 74 Fed. 321, 324, decided by the circuit court of appeals for the Fourth circuit, is directly in point on the case before us; and, if so, it would, in view of the effect given in this circuit to the decisions of the circuit courts of appeals in other circuits, conclude us. Independently of that case, however, we think the line of reasoning of the supreme court in the opinions to which we have referred compels us to sustain the plea.

As the bill suggests matters which are justiciable under section 8 of the act of March 3, 1875, we reserve to the complainant leave to amend his bill, if he desires to do so. In that event, however, the amendments must clearly and positively assert a case within section 8, and clearly and positively limit the relief asked for according to the purview thereof, and it must distinctly pray for forms of proceedings as therein provided.

Unless the complainant, on or before September 23, 1901, amends his bill as permitted in the opinion filed this day, there will be a decree in behalf of Vermeule, sustaining his plea, and dismissing the bill as to him for want of jurisdiction, without costs for either party.