## PEALE v. MARIAN COAL CO.

(Circuit Court, M. D. Pennsylvania. September 25, 1909.)

No. 55, May term, 1909.

1. COURTS (§ 274*)—FEDERAL COURTS—JURISDICTION—CORPORATE DOMICILE

Where a corporation was organized under the laws of Delaware, the fact that its principal place of business was within the middle federal district of Pennsylvania did not give the corporation a domicile there for the purpose of determining the jurisdiction of the federal courts.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 814; Dec. Dig. § 274.*

Jurisdiction over corporations, see note to St. Louis, I. M. & S. R. Co. v. Newcom, 6 C. C. A. 174.]

2. COURTS (§ 276*)—FEDERAL COURTS—VENUE—WAIVER.

The right to be sued in a particular federal district is a privilege which may be waived by the parties appearing and pleading to the merits.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 815; Dec. Dig. § 276.*

Waiver of right as to district in which suit may be brought, see notes to Memphis Sav. Bank v. Houchens, 52 C. C. A. 192; McPhee & McGinnity Co. v. Union Pac. R. Co., 87 C. C. A. 634.]

3. COURTS (§ 276*)—FEDERAL COURTS—APPEARANCE—EFFECT.

The right of a defendant to be sued in the federal district of its residence was waived by its appearance and demurring to the bill on the ground that plaintiff was not entitled to the relief asked, a decision of which would necessitate an exercise of jurisdiction over the controversy.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 815; Dec. Dig. § 276.*]

4. SPECIFIC PERFORMANCE (§ 5*)—DEFENSES—ADEQUATE REMEDY AT LAW.

A bill for specific performance of defendants' agreement to deliver coal from their washery, which defendants had agreed to do in return for money advanced by plaintiffs to make necessary developments, was not objectionable because plaintiff had an adequate remedy at law, and this, though plaintiff, in addition, asked damages for coal diverted, and the discovery of the amount as the basis for determining such damages.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 5–8; Dec. Dig. § 5.*

Right to specific performance as affected by adequacy of remedy at law, see note to Marthinson v. King, 82 C. C. A. 368.]

5. SPECIFIC PERFORMANCE (§ 127*)—ENTIRE CONTROVERSY—DETERMINATION.

Equity, having taken jurisdiction in a suit for specific performance, will dispose, if possible, of the entire controversy.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. § 407; Dec. Dig. § 127.*]

6. EQUITY (§ 148*)—BILL—MULTIFARIOUSNESS.

A bill for specific performance of an agreement to deliver coal in return for money advanced by complainant was not multifarious in that it prayed for foreclosure of a mortgage, by which the loan was secured, as alternative relief, in case specific performance could not be granted.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 367; Dec. Dig. § 148.*]

Bill by John W. Peale against the Marian Coal Company. On demurrer to the bill. Overruled with leave to answer.

Frank E. Donnelly, for demurrer.
John P. Kelly, opposed.

ARCHBALD, District Judge. The first ground of demurrer is that the court has no jurisdiction; neither party being a resident of the district. The plaintiff is a citizen and resident of New York, and the defendant is a citizen of Delaware, where it was incorporated, and where it is consequently domiciled. The fact that it has its principal place of business here does not make it a resident of the district. Shaw v. Quincy Mining Co., 145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768; Southern Pacific Co. v. Denton, 146 U. S. 202, 13 Sup. Ct. 44, 36 L. Ed. 942; In re Keasbey, 160 U. S. 221, 16 Sup. Ct. 273, 40 L. Ed. 402. Had the defendants, therefore, stood squarely upon this objection, they would have undoubtedly been entitled to a dismissal.

But the right to be sued in a particular district is a privilege which may be waived. And this is done by appearing and pleading to the merits. Interior Construction Co. v. Gibney, 160 U. S. 217, 16 Sup. Ct. 272, 40 L. Ed. 401. It was waived of necessity, therefore, in the present instance by the third ground of demurrer set up, which was that, as appeared by the bill, the plaintiff was not entitled to the relief prayed for. This called for a judgment on the merits, which the court could not undertake to render, except as it first assumed jurisdiction of the controversy. St. Louis Railroad v. McBride, 141 U. S. 127, 11 Sup. C. 982, 35 L. Ed. 659; Western Loan Company v. Butte Mining Co., 210 U. S. 368, 28 Sup. Ct. 720, 52 L. Ed. 1101. If sustained, it amounted to a decision that the plaintiff had no case on his own showing, and the defendants could not call on the court for this, and in the same breath insist that the bill should be dismissed because the parties were not rightly before it. The court could not, in other words, decide that the case was bad, if, as contended, it had no right to decide anything, except to dismiss it.

As to the further ground of demurrer, that the plaintiff had a complete remedy at law by action for damages, it is sufficient to say that the bill seeks the specific performance of the defendants' agreement to deliver coal from their washery at the Holden culm dump, which they undertook to do in return for the money advanced by the plaintiff to make the necessary developments. For this it is evident that damages for a breach of the contract would not be at all adequate. Nor is this disturbed because the plaintiff in the same connection asks damages for the coal so far diverted, and calls for a discovery of the amount as the basis for determining them. Equity, having taken jurisdiction, will dispose, if possible, of the whole of the controversy, and the plaintiff is entitled to be made good for the commissions which he has lost as a part of it. It may not be altogether consistent to further pray for a foreclosure of the mortgage by which the loan was secured, but this is brought in, as I understand it, more as an alternative in case the primary relief which is sought should not for any reason be able to be granted. It does not vitiate the rest of it; and in no sense is the bill on this account multifarious.

The demurrer is overruled, and the defendants are allowed 20 days to answer.