HAGSTOZ v. MUTUAL LIFE INS. CO. OF NEW YORK.

(Circuit Court, E. D. Pennsylvania. June 3, 1910.)

No. 900.

1. COURTS (§ 274*)—FEDERAL COURTS—DISTRICT IN WHICH SUIT MUST BE BROUGHT—ACTION AGAINST FOREIGN CORPORATION — DISTRICT OF RESIDENCE OF PLAINTIFF.

An action by a citizen of Pennsylvania may be properly brought against a foreign corporation doing business in Pennsylvania in the federal district of plaintiff's residence.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 814; Dec. Dig. § 274.*]

2. APPEARANCE (§ 27*)—WITHDRAWAL—LEAVE TO WITHDRAW.

Where, in a suit against a foreign corporation doing business in Pennsylvania, plaintiff, after defendant's general appearance, amended the

---

præcipe and summons, so as to allege that plaintiff was a citizen and resident of New Jersey, instead of Pennsylvania, defendant would thereupon be permitted to withdraw its general appearance in order to attack the court's jurisdiction.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. § 161; Dec. Dig. § 27.*]

3. Courts (§ 347*)—Federal Courts—Demurrer—Jurisdiction.

The question of jurisdiction of a federal court may be raised by demurrer.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 921; Dec. Dig. § 347.*]

4. Courts (§ 276*)—Federal Courts—District in Which Suit Must be Brought—Action Against Foreign Corporation—Waiver.

A foreign corporation, by appointing a registered agent on whom summons could be served in Pennsylvania, did not thereby waive its privilege, conferred by Act Aug. 13, 1888, c. 866, 25 Stat. 433 (U. S. Comp. St. 1901, p. 507), to be free from suit in a federal Circuit Court of Pennsylvania, except where the plaintiff was a citizen and resident of that state.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 815; Dec. Dig. § 276.*

Waiver of right as to district in which suit must be brought, see notes to Memphis Sav. Bank v. Houchens, 52 C. C. A. 192; McPhee & McGinnity Co. v. Union Pac. R. Co., 87 C. C. A. 634.]

At Law. Action by Thomas B. Hagstoz against the Mutual Life Insurance Company of New York. On demurrer to the court's jurisdiction. Sustained.

A. T. Ashton and J. W. M. Newlin, for plaintiff.

D. Stuart Robinson, for defendant.

J. B. McPHERSON, District Judge. This suit was originally brought on March 1, 1910, in the Circuit Court for this district. In the præcipe and in the summons the plaintiff was described as a citizen of Pennsylvania and a resident of the Eastern district thereof, and the defendant was described as a corporation of New York doing business in the Eastern district of Pennsylvania. In obedience to the Constitution and laws of Pennsylvania the defendant—being a foreign corporation doing business in the state—has a duly registered agent here, and upon him the summons was served. On the face of the record, therefore, the suit was properly brought in this district; for the jurisdiction of the Circuit Court rests solely upon diversity of citizenship, and the suit was begun in the district of the plaintiff's residence. In that situation the defendant on March 7th entered a general appearance. On March 8th the plaintiff asked and obtained leave to amend the præcipe and summons by striking out the averment concerning his citizenship and residence in Pennsylvania, and inserting an averment of citizenship and residence in New Jersey. On March 11th he filed his statement of claim, which followed the amendment in these particulars, and thereupon the defendant filed a demurrer on March 22d denying the jurisdiction of the court on the ground:

"That the plaintiff is not entitled to the relief therein prayed for in this jurisdiction, in that neither party to this suit is an inhabitant or resident of the district wherein the suit is brought; the statement alleging that the plain-

tiff is a citizen of the state of New Jersey and residing therein, and that the defendant is a citizen and resident of the state of New York."

On May 2d the defendant moved for leave to withdraw the general appearance and to enter a special appearance for the purpose of objecting to the jurisdiction of the court. When this motion came up for hearing on May 6th the plaintiff filed an answer, averring that the defendant's state registry was a waiver of its privilege under the act of 1888 (Act Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 507]) to be free from suit in the Circuit Court unless one of the parties should be a citizen and resident of Pennsylvania, and averring, also, that the general appearance of the defendant was in itself a waiver of the privilege (if such privilege existed) not to be sued in this district by a citizen and resident of New Jersey. It was further averred that the act of 1888 appled only to natural persons, and not to corporations. The court granted the defendant's motion, the general appearance was withdrawn, and the special appearance referred to was duly entered. Thereupon the demurrer was argued, and an elaborate brief is now presented in support of the plaintiff's positions. It is my opinion, however, that they do not need elaborate discussion. The right of the court to permit the general appearance to be withdrawn and a special appearance entered under the facts already stated is so plain, I think, that reference need only be made to the following cases: United States v. Yates, 6 How. 605, 12 L. Ed. 575; Hohorst v. Hamburg Co. (C. C.) 38 Fed. 273; Jenkins v. York Cliffs Improvement Co. (C. C.) 110 Fed. 807.

The remaining question has been settled in the following decisions: Shaw v. Quincy Mining Co., 145 U. S. 448, 12 Sup. Ct. 935, 36 L. Ed. 768; Southern Pacific Co. v. Denton, 146 U. S. 202, 13 Sup. Ct. 44, 36 L. Ed. 942; Re Keasbey & Mattison Co., 160 U. S. 221, 16 Sup Ct. 273, 40 L. Ed. 402. The question of jurisdiction was properly raised by demurrer. Peale v. Coal Co. (C. C.) 172 Fed. 639; Reinstadler v. Reeves (C. C.) 33 Fed. 308; Miller-Magee Co. v. Carpenter (C. C.) 34 Fed. 433. It is no doubt true that the defendant's privilege not to be sued here, except by a citizen of Pennsylvania and a resident of the Eastern district, may be waived; but no such waiver appears in the present case. The defendant took timely and proper advantage of the court's lack of jurisdiction, and it seems plain to me that the suit cannot be maintained. It is not necessary to discuss at length the question concerning the effect of the defendant's state registry. It is apparently contended that such registry made the defendant a resident of this district so completely that it may be sued therein by any plaintiff who may come into the district and serve a writ upon the statutory agent. Whatever may be the correctness of this position when the suit is brought in the courts of the state, it is clear, I think, that the argument is not sound when the suit is originally brought in the circuit court. The laws of Pennsylvania cannot enlarge the jurisdiction of the Circuit Court. This depends upon the acts of Congress, and I do not know of any statute that permits the maintenance of a suit like this in the face of the defendant's objection. The insurance company is a citizen of New York, and is not a resident of the Eastern district

of Pennsylvania in the sense in which that word is used by the act of 1888. It is no doubt liable to be sued in this district, but only when the suit is brought by a proper plaintiff and in a proper tribunal. When a citizen of Pennsylvania and a resident of the district brings the suit, the Circuit Court has jurisdiction, and process may be served upon the defendant's registered agent. But I have seen no case that permits a citizen of New Jersey to compel the defendant to answer a suit in the Eastern district of Pennsylvania.

The demurrer is sustained.