GRABSKY et al. v. BELMONT COAL MINING CO.

(District Court, N. D. Ohio, E. D. October 28, 1913.)

No. 8,676.

COURTS (§ 274*)—ACTION AGAINST CORPORATION—FEDERAL DISTRICT—RESIDENCE.

Judiciary Act March 3, 1911, c. 231, § 51, 36 Stat. 1101 (U. S. Comp. St. Supp. 1911, p. 150), provides that no civil suit shall be brought in any district against any person by original process in any other district than that whereof he is an inhabitant; but, where jurisdiction is founded only on the fact that the action is between persons of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant. Section 52 declares that, when a state contains more than one district, every suit not of a local nature in the District Court thereof against a single defendant inhabitant of such state shall be brought in the district where he resides. *Held*, that where a suit for wrongful death was brought by subjects of the Czar of Russia who were residents of B. county, Ohio, and who had never resided in the Northern federal district of Ohio, against a corporation whose charter provided that its principal place of business should be located at G. in B. county, which was not in that district, defendant could not be sued in the federal courts of the Northern district, though it maintained an office and did business there.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 814; Dec. Dig. § 274.*]

At Law. Action by Wlodyslowa Grabsky and others against the Belmont Coal Mining Company. On Motion to quash summons. Sustained.

Herman J. Nord and Reed & Eichelberger, all of Cleveland, Ohio, for plaintiffs.

Garrett Stevens and Hoyt, Dustin, Kelley, McKeehan & Andrews, all of Cleveland, Ohio, for defendant.

DAY, District Judge. The defendant has filed a motion to quash and set aside the service of summons, and to dismiss this action, objecting to the jurisdiction of this court over the defendant, for the reason that neither the plaintiff nor the defendant in this action were at the time of the bringing of the action, nor are they at the present time, any of them residents of the Northern district of Ohio, or the Eastern division thereof.

It is stipulated by the parties that at the time of the death of the decedent, and at the time of bringing this action and for some time prior thereto, the plaintiffs were subjects of Russia, and were residents of Belmont county, Ohio, and that they were never at any time residents of any county within the Northern district of Ohio; that the de-

fendant is a corporation under the laws of the state of Ohio; that its charter provides:

"Said corporation is to be located at Glencoe in Belmont county, Ohio, and its principal business there transacted."

And further that the charter provision has never changed by any ·action as is required under the laws of the state of Ohio.

Ohio Gen. Code, § 8625, provides in part:

"Any number of persons, not less than five, a majority of whom are citizens of this state, desiring to become incorporated, shall subscribe and acknowledge articles of incorporation, which must contain: * * * (2) The place where it is to be located, or its principal business transacted."

In Pelton v. Transportation Co., 37 Ohio St. 450, the court said on page 455:

"For many purposes, a corporation is regarded as having a residence—a certain and fixed domicile. In this state, where corporations are required to designate in their certificates of incorporation the place of the principal office, such office is the domicile or residence of the corporation. The principal office of a corporation, which constitutes its residence or domicile, is not to be determined by the amount of business transacted here or there, but by the place designated in the certificate."

Sections 51 and 52 of the Judiciary Act of March 3, 1911, c. 231, 36 Stats. at Large, 1101 (U. S. Comp. St. Supp. 1911, p. 150), provide in part:

"* * * No civil suit shall be brought in any District Court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only, on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant.

"Sec. 52. When a state contains more than one district, every suit not of a local nature, in the District Court thereof, against a single defendant, inhabitant of such state, must be brought in the district where he resides."

It is claimed by the counsel for plaintiffs herein that notwithstanding the provisions of the charter of the defendant company, that by reason of its maintaining certain offices in Cleveland, the defendant is a resident of the Northern district of Ohio, so as to give this court jurisdiction over the defendant company.

In view of the provisions of the charter of the defendant company, locating its domicile at Glencoe in Belmont county, designating that particular place as the place where its principal business is to be transacted, it is immaterial how much business the defendant carries on in the Northern district of Ohio, inasmuch as it does not appear to have its residence in this district. Peale v. Marian Coal Co. (C. C.) 172 Fed. 639; Shaw v. Quincy Mining Co., 145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768; Southern Pacific Co. v. Denton, 146 U. S. 202, 13 Sup. Ct. 44, 36 L. Ed. 942; In re Keasbey & Mattison Co., Petitioner, 160 U. S. 221, 229, 16 Sup. Ct. 273, 40 L. Ed. 402; Galveston Ry. Co. v. Gonzales, 151 U. S. 496, 14 Sup. Ct. 401, 38 L. Ed. 248.

The highest court of Ohio has said, in the case of Pelton v. Transportation Co., 37 Ohio St. 450, hereinbefore cited, that the principal

office of a corporation which constitutes its residence or domicile is not to be determined by the amount of business there, but by the place designated in the certificate.

This principle is approved in the case of Galveston Ry. Co. v. Gonzales, 151 U. S. 496, at page 504, 14 Sup. Ct. 401, at page 404 (38 L. Ed. 248), the court saying:

"In the case of a corporation the question of inhabitancy must be determined, not by the residence of any particular officer, but by the principal offices of the corporation, where its books are kept and its corporate business is transacted, even though it may transact its most important business in another place. It is but a corollary of the proposition laid down in the three cases above referred to that, if the corporation be created by the laws of a state in which there are two judicial districts, it should be considered an inhabitant of that district in which its general offices are situated, and in which its general business, as distinguished from its local business, is done."

And at page 508 of 151 U. S., and page 405 of 14 Sup. Ct. (38 L. Ed. 248), the court said:

"In the case of the Western Transportation Co. v. Scheu, 19 N. Y. 408, a corporation organized to navigate the lakes was declared to have its domicile, for the purposes of taxation, in the city or town in which the principal office for managing the affairs of the company was located, as evidenced by its certificate of organization, although it had an office elsewhere, employing the services of 20 times as many agents, and where a much larger proportion of its moneys was received and disbursed, and where its principal officers resided during the business season. See, also, Pelton v. Transportation Co., 37 Ohio St. 450." Firestone Tire & Rubber Co. v. Vehicle Equipment Co. (C. C.) 155 Fed. 676; Foster's Federal Practice, p. 603; Lyman Ventilating Co. v. Southard, Fed. Cas. No. 8,633; Ware-Kramer Tobacco Co. v. American Tobacco Co. (C. C.) 178 Fed. 117.

It is quite plain that the defendant is a corporation resident outside of the Northern district of Ohio, and that the plaintiffs were not at any time residents of the Northern district of Ohio.

The motion to quash is, accordingly, sustained.