Nelson, District Judge.
In the case of United States v. Benjamin F. Nelson, Sumner T. McKnight, William H. H. Day, et al., a demurrer is interposed to the indictment. Pressure of business in court has prevented an earlier decision, and I can now only give my reasons briefly for sustaining the demurrer. The indictment intends to charge offenses under the act of congress entitled “An act to protect trade and commerce against unlawful restraints and monopolies.” This statute declares contracts, combinations in the form of trusts or otherwise, and monopolies to restrain trade or commerce among the several states and foreign nations, illegal, and makes them offenses, and affixes the punishment. The indictment purports to charge the defendants with violating the law by entering into a contract, and unlawfully engaging in a combination in the form of a trust, and confederating together in a conspiracy in restraint of trade among the several states. There are 12 counts in the indictment. The first 6 counts charge the offense in the language of the statute, and the others set forth facts which are claimed to constitute the offense. The federal courts by this act are given jurisdiction to apply remedies in cases where interstate commerce is injuriously affected by combinations and contracts which the state courts had formerly applied to protect local interests. In order to administer the law, the court must determine what is an unreasonable and unlawful' restraint of trade or commerce by contracts, trusts, and conspiracies, and whether a contract is injurious to the public. In all cases at common law, it must be made to appear that the acts complained of threatened the interests of the public, and this is true whether the remedy sought to be applied is by civil or criminal proceedings. It is urged by the district attorney that, the offense being statutory, the general rule in such cases, to wit, *647 that it is sufficient to allege the offense in the language of the statute, will sustain the first six counts. I cannot agree to that. This is not a case where every fact necessary to constitute the offense is charged, or necessarily implied, by following the words of the statute; and the words themselves fully and directly, without any uncertainty or ambiguity, set forth all of the elements necessary to constitute the offense; and it is not sufficient to follow only the language of the statute. Where the act becomes illegal and an offense only from the means used to effect it, as in this statute, the indictment must state, where it is practicable, so much as will show its illegality and charge the accused with a substantial offense. See U. S. v. Cruikshank, 92 U. S. 558. The charge must contain a statement of facts constituting the offense, and a certain description of it, which this indictment does not in either of the first six counts, and they cannot be sustained.
Do the facts set forth in the last six counts describe an offense which the statute forbids? The first of these counts charges, in substance, that the defendants were each dealers in lumber in the United States, and each transacted business at numerous towns and cities in different states, and on September 7th, at the city of Minneapolis, they agreed together that they would raise the price of lumber 50 cents per thousand feet in advance of the market price of pine lumber in the states of Wisconsin, Minnesota, Iowa, Illinois, and Missouri, and in pursuance of such agreement they did then and there raise the price of pine lumber 50 cents per thousand feet in each of said states in which they transacted business. How this advance in price by these parties in the several states mentioned could regulate thereby the price for all dealers is not set forth. It appears that the idea of the pleader was that a mutual agreement between several dealers that they would raise the price of the lumber owned or manufactured by themselves 50 cents per thousand feet above the market price necessarily advanced the price of all the pine lumber for sale in those states to that extent, and none could be purchased for a less price. While it may be true that some of the other dealers might attempt to induce purchasers to be governed by the price fixed in their locality by the parties to the agreement, and try to keep up prices, yet competition in the commodity would soon bring the price down, unless there were fraudulent or coercive means resorted to for the purpose of restraining other dealers, and preventing them from exercising their own judgment as to prices.
An agreement between a number of dealers and manufacturers to raise prices, unless they practically controlled the entire commodity, cannot operate as a restraint upon trade, nor does it tend to injuriously affect the public. Unless the agreement involves an absorption of the entire traffic in lumber, and is entered into for the purpose of obtaining the entire control of it with the object of extortion, it is not objectionable to the statute, in my opinion. Competition is not stifled by such an agreement, and other dealers would soon force the parties to the agreement to sell at the market price, or a reasonable price, at least. What has been said in regard to this count applies to the remaining five, in which *648 wrongful combinations and conspiracies in restraint of trade are alleged, and a monopoly of the whole or a part of the trade and commerce in lumber in the several states mentioned. The allegations are too indefinite and uncertain, and the demurrer to all the counts is sustained.