LENGEL v. AMERICAN SMELTING & REFINING CO. et al.

(Circuit Court, D. New Jersey. May 13, 1901.)

1. FEDERAL COURTS—JURISDICTION—DISTRICT OF SUIT.

Under section 1 of the act of congress of August 13, 1888, amending act of March 3, 1887, where the jurisdiction of a federal court is dependent on the fact that the action is between citizens of different states the suit can only be brought in the district where all the plaintiffs reside, or in the district where all the defendants reside who are indispensable or necessary parties.

2. SAME—STOCKHOLDER'S SUIT.

A stockholder who is a citizen and resident of Pennsylvania cannot maintain a suit in a federal court in the district of New Jersey against the corporation, which is a citizen of New Jersey, and its directors and third persons, who are citizens and residents of another state, to set aside or enjoin the enforcement of an alleged illegal contract made by the directors on behalf of the corporation with their co-defendants, where timely objection is made by the nonresident defendants, who in such case are indispensable parties.

3. SAME—SUITS OF LOCAL NATURE.

A suit by a stockholder against the corporation and others to restrain the enforcement of a contract by which the corporation sold stock to its co-defendants is not one to "enforce any legal or equitable lien or claim" against the stock, within the meaning of Rev. St. § 738, authorizing the bringing in of nonresident defendants in such suits.

In Equity. On motion by defendants to dismiss for want of jurisdiction.

James Buchanan, Geo. L. Crawford, and Arthur J. Baldwin, for complainant.

Thomas Thacher, Chas. Untermyer, and John S. Johnson, for defendants.

Before GRAY, Circuit Judge, and KIRKPATRICK, District Judge.

GRAY, Circuit Judge. This case is brought to the attention of the court upon a rule to show cause why a preliminary injunction should not issue. The rule was granted and the motion is now made upon a bill filed by Irvin D. Lengel, the complainant, who alleges that he is a citizen of the state of Pennsylvania, and a stockholder in the American Smelting & Refining Company, one of the defendants, and a corporation of the state of New Jersey. The suit is brought as a stockholder's suit, in conformity to the requirements of the ninety-fourth equity rule, and purports to assert rights be-

longing to the corporation itself. The real defendants, therefore, are the directors of the corporation, and the individual members of the firm of Gugenheim's Sons, with which firm the said directors are alleged to have had the negotiations and made the contract complained of in the bill. The ground of jurisdiction is the diverse citizenship of the parties to the suit, and we are now confronted with a motion made by counsel, who appear provisionally for that purpose, to dismiss the bill for want of jurisdiction, and we are referred to a statute of the United States in that behalf. The act of congress of August 13, 1888, amending the act of March 3, 1887, provides in its first section, among other things, as follows:

"And no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suits shall be brought only in the district of the residence of either the plaintiff or the defendant."

With this requirement of the statute in view, we turn to the opening paragraphs of the bill, and find that it is alleged that the complainant is a citizen of the state of Pennsylvania; that the American Smelting Company, being a corporation of the state of New Jersey, is alleged to be a citizen of that state, but that the other defendants, with the exception of Grant B. Schley, a citizen of the state of New Jersey, being the directors and officers of the defendant company, 13 in number, and the members of the firm of M. Gugenheim's Sons, 8 in number, are alleged to be citizens of the state of New York. Under this law the supreme court of the United States, in Shaw v. Mining Co., 12 Sup. Ct. 935, 36 L. Ed. 768, in deciding that a corporation incorporated in one state only cannot be compelled to answer in a circuit court of the United States, held in another state, in which it has a usual place of business, to a civil suit at law or in equity brought by a citizen of a different state, took occasion to say that the general object of this act, as appears upon its face, is to contract, and not enlarge, the jurisdiction of the circuit courts of the United States. In the case of Phosphate Co. v. Brown, 20 C. C. A. 428, 74 Fed. 321, in the circuit court of appeals for the Fourth circuit, Simonton, circuit judge, in delivering the opinion of the court of appeals, says:

"As to the second question: Could the circuit court of the United States for the district of West Virginia take jurisdiction of this bill, as amended, and make the decree thereon appointing a receiver and granting the injunction? The complainants are citizens and residents of the state of Pennsylvania, and the defendants are, one of them, a corporation of the state of West Virginia, and the other, a corporation and resident of the state of New York. * * * No federal question is involved, and the jurisdiction depends upon the citizenship of the parties."

After quoting the act of 1887, as corrected by the act of 1888, and citing certain decisions of the supreme court hereinafter referred to, he says:

"Clearly, therefore, the court had no jurisdiction over the case as amended. The learned counsel for the complainants say that the Central Trust Company is neither an indispensable nor a necessary party, and that the presence of that company cannot oust the jurisdiction; but, again, the complainants who

made the motion, and who asked the court to amend the bill, in order to make this corporation a party, now say that such an amendment was improper or unnecessary."

In Strawbridge v. Curtiss, 3 Cranch, 267, 2 L. Ed. 435, Chief Justice Marshall, in considering the question of jurisdiction as dependent on diverse citizenship, says:

"Each distinct interest should be represented by persons all of whom are entitled to sue, or may be sued, in the federal court."

In Coal Co. v. Blatchford, 11 Wall. 172, 20 L. Ed. 179, the supreme court, in again discussing the question of diverse citizenship as a ground of jurisdiction, says:

"In other words, if there are several co-plaintiffs, the intention of the act is that each plaintiff must be competent to sue, and, if there be several defendants, each defendant must be liable to be sued, or the jurisdiction cannot be entertained."

So the supreme court, in Anderson v. Watts, 138 U. S. 694, 11 Sup. Ct. 449, 34 L. Ed. 1078, by the present chief justice, says:

"If each of the indispensable adverse parties is not competent to sue or be sued, then the circuit court cannot maintain cognizance of the suit."

The cases in the supreme court just referred to were, it is true, dealing with the question of diverse citizenship only as a ground of jurisdiction, but the reasoning by which the conclusion is reached that all the indispensable parties must be competent to sue or be sued, in order to support the jurisdiction, is applicable to the requirements of the act of 1888, upon which the motion to dismiss is grounded. "Where the jurisdiction, therefore, is founded only on the fact that the action is between citizens of different states," as is the case here, the requirement of the act plainly is that suit must be brought either in the district where all the plaintiffs, if they be more than one, reside, or in the district where all the defendants, if they be more than one, reside. In this case, the suit having been brought by a citizen and resident of Pennsylvania in the district of New Jersey, it is requisite, under the act in question, that all the defendants named in the bill shall be residents of the district of New Jersey. The fact, however, is, as already stated, that the bill alleges that the corporation defendant only is a citizen of New Jersey, and that all the individual defendants, save one, composing the directors of the corporation and the members of the firm of M. Gugenheim's Sons, who are, in a suit of this kind, the real defendants, are citizens of the state of New York, and cannot be sued by this complainant in the district of New Jersey. There can be no question of waiver in this case on the ground of voluntary appearance of unsuable defendants, since there has been not only no such general appearance, but a special appearance for the purpose of making the objection to the jurisdiction. Neither is there any ground for the suggestion made by counsel that, the corporation being a resident of the district of New Jersey, the other parties to the suit are not indispensable, and may be disregarded, and the case proceeded with against the one suable defendant. In the first place, the complainant has elected to make these residents of New York defendants; and, in the second place, that they are indispensable

appears from the whole theory and framework of the bill, and from the relief prayed for. The gravamen of the complaint in the bill is an alleged illegal contract made by certain of the individual defendants, as directors of a smelting company, with the firm of M. Gugenheim's Sons, the members of which are the other individual defendants; and all these, save one of the directors of the corporation, are alleged to be residents of New York, and not of the district of New Jersey, as required in such a case by the statute. The contract sought to be annulled, or the fulfillment of which is sought to be restrained, was a contract between the corporation and the firm of M. Gugenheim's Sons, and it would be idle to say that the members of that firm were not indispensable parties to such a suit. The principal relief also sought in the case is against the members of the firm of M. Gugenheim's Sons, who are sought to be restrained in marketing the stock which they are alleged to have bought from the smelting company, and the consideration for which it is alleged may have passed from them to the corporation. If the question of indispensability of the parties is one proper to be considered, it would appear that in this case there is no room for denying that all the defendants named must be considered as indispensable parties to the bill. An ingenious argument was made by counsel for the complainant, that, under section 738 of the Revised Statutes, jurisdiction might be maintained in this case on the ground that the subject-matter of the suit was really the capital stock of the New Jersey corporation, and as such must be considered as being in the district of New Jersey. But the language of that act, it is to be observed, is:

"When any defendant in a suit in equity, to enforce any legal or equitable lien or claim against real or personal property within the district where the suit is brought, is not an inhabitant of, nor found within, the said district, and does not voluntarily appear thereto, it shall be lawful for the court to make an order," etc.

It is very clear that the present suit is not brought to "enforce any legal or equitable lien or claim against real or personal property," within the meaning of this statute. Even the trusteeship, casually suggested, as regards the stock issued to the Gugenheim's Sons, is a remedial trusteeship, to be declared by the court for the purpose of accomplishing the relief which the complainant thinks, on other grounds, he is entitled to. The enforcement of an antecedent existing lien held by the complainant is not the subject-matter of this suit. We are compelled to the conclusion, therefore, that the court is without jurisdiction to proceed in this case, and the motion to dismiss is therefore granted.