## CILLEY v. UNITED SHOE MACH. CO.

### (Circuit Court, D. Massachusetts. February 13, 1907.)

### No. 27.

MONOPOLIES—ACTION FOR DAMAGES UNDER ANTI-TRUST LAW—PLEADING.

In an action under section 7, Anti-Trust Act July 2, 1890, c. 647, 26 Stat. 209 [U. S. Comp. St. 1901, p. 3202], to recover damages for injury alleged to have been caused to plaintiff by reason of contracts made by defendant in restraint of trade or commerce among the several states or with foreign nations, and an attempt by defendant to monopolize such trade or commerce, or a part thereof, in violation of said act, it is not sufficient to frame the declaration in the language of the statute, but the nature and substance of the contracts relied upon, and the substantial facts alleged to constitute an attempt at monopoly must be pleaded to enable the court to determine whether they are in violation of the statute, and to enable the defense to properly prepare to meet the charge.

At Law. On demurrer to declaration.

Merritt & Merritt, for complainant.

Wm. H. Coolidge and C. A. Hight, for defendant.

COLT, Circuit Judge. This is a suit brought under the provisions of Act Cong. July 2, 1890, 26 Stat. 209, c. 647 [U. S. Comp. St. 1901, p. 3202], in which the defendant is charged with making contracts in restraint of trade or commerce among the several states or with foreign nations, and with an attempt to monopolize such trade or commerce, whereby the plaintiff has been injured in his business and property. Section 7 of the act provides as follows:

"Any person who shall be injured in his business or property by any other person or corporation by reason of anything forbidden or declared to be unlawful by this act, may sue therefor in any circuit court of the United States in the district in which the defendant resides or is found, without respect to the amount in controversy, and shall recover three-fold the damages by him sustained, and the costs of suit, including a reasonable attorney's fee."

Among the things forbidden or declared unlawful by the act are "every contract * * * in restraint of trade or commerce among the several states or with foreign nations," and every "attempt to monopolize" such trade or commerce.

The case was heard on demurrer to the amended declaration. The grounds of demurrer on which the defendant relies are the following:

"(2) The declaration is insufficient in that it is too uncertain, vague, and indefinite to enable the defendant to know of what it is accused, of what damage the plaintiff has suffered, and to what it should direct its defense.

"(3) The declaration fails to set forth with substantial certainty the substantive facts necessary to show that the defendant has been guilty of anything forbidden or declared to be unlawful by the anti-trust act."

The material averments of the declaration may be summarized as follows: The plaintiff is a manufacturer of shoe machinery, and is engaged in manufacturing and selling a machine for sole leveling and for sole laying, known as the "Universal Leveler." The plaintiff has certain interests in patents on these machines, and is the owner of machines manufactured under these patents. The defendant is engaged both in manufacturing and buying shoe machinery, and now owns and controls the shoe machinery necessary to that part of the manufacture of boots and shoes known as bottoming. The defendant "has made divers contracts and agreements with a great number of manufacturers of boots and shoes, to the plaintiff unknown, throughout the several states and in foreign countries." By the terms of these contracts and agreements, such manufacturers are bound to use no machinery except such as is furnished to them by the defendant. By the terms of these contracts and agreements the use by such manufacturers of the plaintiff's machines is prohibited and prevented if such manufacturers use any one or more of the machines furnished by the defendant. These contracts and agreements are contracts in restraint of trade or commerce among the several states and with foreign nations, and are forbidden by the act of Congress of July 2, 1890. And, further, the defendant, contrary to the provisions of this act, is attempting to monopolize a part of the trade or commerce in shoe machinery among the several states, and with foreign nations "by endeavoring by divers means and methods unknown to the plaintiff to compel or induce all manufacturers of boots and shoes throughout the several states, and in foreign countries, to lease or otherwise to acquire shoe machinery from the defendant alone, and to enter with the defendant into contracts and agreements as aforesaid; and by trading and disposing throughout the several states and in foreign countries of certain of its shoe machinery of which it has sole control to the manufacturers of boots and shoes, by means of contracts, agreements, written leases, and other instruments; the terms of which are unknown to the plaintiff, but in which are contained divers agreements and conditions made by and between the defendant and its several customers and lessees substantially as follows, to wit: That the several customers and lessees will thereafter acquire shoe machinery from the defendant alone; that the several customers and lessees will not use any machines acquired from the defendant in any part or process of the manufacture of any boot or shoe if any other part or process of such manufacture shall have been done or performed by or upon any machine not acquired from the defendant," which "contracts, agreements, written leases, and other instruments the defendant, by divers means and methods unknown to the plaintiff, has compelled such manufacturers to execute and the agreements and conditions thereof and therein to observe and keep."

The declaration then alleges that these manufacturers constitute the sole market for the sale of the plaintiff's machines. The declaration further alleges that, by reason of these contracts, agreements, written leases, and other instruments, customers are prevented from buying or leasing the plaintiff's machines, that by these means the plaintiff has been deprived of the right to an open market, and prevented from

selling or leasing his property, and that thereby his business has been destroyed, and his property rendered of no value.

It will be observed that the contracts in restraint of trade set forth in the declaration are described as "divers contracts and agreements with a great number of manufacturers of boots and shoes throughout the several states and in foreign countries," by the terms of which such manufacturers are bound to use no shoe machinery except such as is furnished by the defendant, and are prohibited from using the plaintiff's machines if they use the machines furnished by the defendant. It will also be observed that the attempt to monopolize trade or commerce set forth in the declaration is described as endeavoring, "by divers means and methods unknown to the plaintiff," to compel all manufacturers to acquire shoe machinery from the defendant alone, or, "by means of contracts, agreements, written leases, and other instruments," to acquire shoe machinery from the defendant alone, and not to use any machines acquired from the defendant if any other part or process in shoe manufacture shall be done on any machine not acquired from the defendant.

It is manifest that these averments are of the most general character. No specific reference is made to any contract or contracts in restraint of trade entered into by the defendant, and no definite description is given of the terms of such contract or contracts. The declaration is also wanting in any definite description of the acts or contracts which constitute an attempt to monopolize trade or commerce. Presumably the defendant has made many contracts with manufacturers, and, before being required to plead, it is entitled to know upon what contracts the plaintiff relies, and the nature of those contracts. So, also, the defendant is entitled to have pointed out the substantial facts upon which the plaintiff bases his allegation of an attempt to monopolize trade or commerce; and, if this attempt to monopolize is founded upon contracts or leases, the material parts of these contracts or leases should be set forth in the declaration.

Again, the declaration alleges that the plaintiff is the owner of certain interests in patents relating to shoe machinery. It also alleges that the defendant owns and controls certain shoe machinery. These and other allegations in the declaration indicate that the defendant's control of shoe machinery is also based upon patents. If the defendant's contracts with manufacturers are based upon patent rights, this fact should appear, because contracts with respect to patents are, as a general rule, outside the doctrine of restraint of trade, both at common law and under the federal statute.

In my opinion, the averments in this declaration are too uncertain, vague, and indefinite to enable the defendant properly to prepare its defense, or to enable the court to determine whether the alleged offenses are within the statute.

Under the act of July 2, 1890, it is not sufficient to frame the declaration in the words of the statute. The statute does not set forth the elements of the offenses which are forbidden; and, further, there may be contracts in restraint of trade between the states or with foreign countries, and attempts to monopolize such trade or commerce, which are not within the statute. These circumstances make it imperative

that the substance of the contracts in restraint of trade, or the substantial facts which constitute the attempt to monopolize, should be set forth in the declaration. These principles are well settled by the authorities.

In the case of In re Greene (C. C.) 52 Fed. 104, 111, Judge Jackson said:

"The act does not undertake to define what constitutes a contract, combination, or conspiracy in restraint of trade, and recourse must therefore be had to the common law for the proper definition of these general terms, and to ascertain whether the acts charged come within the statute."

In United States v. Patterson (C. C.) 55 Fed. 605, Judge Putnam said:

"This statute is not one of the class where it is always sufficient to declare in the words of the enactment, as it does not set forth all the elements of a crime. A contract or combination in restraint of trade may be not only not illegal, but praiseworthy; as, where parties attempt to engross the market by furnishing the best goods, or the cheapest. So that ordinarily a case cannot be made under the statute unless the means are shown to be illegal, and therefore it is ordinarily necessary to declare the means by which it is intended to engross or monopolize the market. And by the well-settled rules of pleading it is not sufficient to allege the means in general language, but, if it is claimed that the means used are illegal, enough must be set out to enable the court to see that they are so, and to enable the defense to properly prepare to meet the charge against it."

In the case of Rice v. Standard Oil Company (C. C.) 134 Fed. 464, 465, the court said:

"It is apparent, that mere proof that the defendant has entered into a contract or engaged in a combination or conspiracy in restraint of trade or commerce among the several States will not be sufficient to support a cause of action under the seventh section, for there must, in addition thereto, be proof that the plaintiff has, by reason thereof, sustained damage. In his declaration, therefore, the plaintiff must aver not only facts showing such a contract or combination or conspiracy as is declared by the act to be unlawful, but facts showing that by reason of such unlawful thing he has been injured in his business or property."

In Bement v. National Harrow Company, 186 U. S. 70, 92, 22 Sup. Ct. 747, 756, 46 L. Ed. 1058, the court said:

"That statute clearly does not refer to that kind of a restraint of interstate commerce which may arise from reasonable and legal conditions imposed upon the assignee or licensee of a patent by the owner thereof, restricting the terms upon which the article may be used and the price to be demanded therefor. Such a construction of the act we have no doubt was never contemplated by its framers."

See, also, In re Corning (D. C.) 51 Fed. 205; United States v. Nelson (D. C.) 52 Fed. 646; Otis Elevator Co. v. Geiger (C. C.) 107 Fed. 131.

Demurrer sustained.