## WARE-KRAMER TOBACCO CO. v. AMERICAN TOBACCO CO. et al.

### (Circuit Court, E. D. North Carolina. March 8, 1910.)

### No. 558.

1. COURTS (§ 277*)—FEDERAL COURTS—DISTRICT OF SUIT—DETERMINATION OF QUESTION.

    The question whether a suit in a federal court is maintainable in the district where brought, under the statute, may be raised either by motion to set aside the service of process or by special demurrer, where a special appearance is made for that purpose only, and before pleading to the merits; but the right is waived by filing a general demurrer or pleading to the merits.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 818; Dec. Dig. § 277.*

    Waiver of right as to district of federal court in which suit must be brought, see notes to Memphis Sav. Bank v. Houchens, 52 C. C. A. 192; McPhee & McGinnity Co. v. Union Pac. R. Co., 87 C. C. A. 34.]

2. COURTS (§ 274*)—FEDERAL COURTS—DISTRICT IN WHICH SUIT MUST BE BROUGHT.

    An action against a corporation in a federal court for a common-law tort can be maintained only in the district of plaintiff's residence, or that in which defendant is incorporated, and such requirement cannot be avoided by joining in the same complaint another count stating an entirely separate cause of action of which the court has jurisdiction, nor by stating a joint cause of action against such defendant and another which is an inhabitant of the district and may be there sued; the cause of action being several as well as joint.

    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 274.*]

3. MONOPOLIES (§ 28*)—PLEADING (§ 364*)—ACTION FOR DAMAGES UNDER ANTI-TRUST ACT.

    In an action under Anti-Trust Act July 2, 1890, c. 647, § 7, 26 Stat. 210 (U. S. Comp. St. 1901, p. 3202), to recover damages for an alleged unlawful conspiracy or combination in restraint of interstate trade and commerce, owing to the complicated nature of the case and the numerous elements which may enter into such a conspiracy, the plaintiff must be given liberal latitude in his pleading, and matter will not be stricken from his complaint on motion under a state statute as "irrelevant and redundant," unless it is clearly so; but matter which is manifestly purely evidentiary will be stricken out.

    [Ed. Note.—For other cases, see Monopolies, Dec. Dig. § 28;* Pleading, Dec. Dig. § 364.*]

Action by the Ware-Kramer Tobacco Company against the American Tobacco Company and the Wells-Whitehead Tobacco Company. On special demurrer to complaint and motion to strike out matter as irrelevant and redundant. Demurrer sustained, and motion sustained in part.

F. A. Daniels, C. C. Daniels, and F. A. Woodard, for plaintiff.
Aycock & Winston, Junius Parker, and F. L. Fuller, for defendants.

CONNOR, District Judge. It appears upon the face of the complaint: that the plaintiff is a corporation, chartered and organized under and pursuant to the laws of the state of Virginia, having its principal office in the city of Norfolk in said state. That the defendant American Tobacco Company is a corporation chartered and organized under and pursuant to the laws of the state of New Jersey, having a branch office in the city of Durham, in the Eastern district of North Carolina, with a resident agent upon whom process in said district may be served. The defendant Wells-Whitehead Tobacco Company is a corporation chartered and organized under and pursuant to the laws of the state of North Carolina, having its principal office in the town of Wilson in said district.

The action is brought against the defendants jointly, and the complaint, complying with the provisions of the Code of Procedure of North Carolina, sets forth, separately, two causes of action. In the first it is alleged: That the plaintiff is, and has been for several years, in its own right and as the successor of a formerly existing corporation, engaged in the manufacture and sale of cigarettes, selling them in the state of Virginia and other states of the Union and in foreign countries, thereby engaging in interstate and foreign trade and commerce. That, while so engaged in business, the defendant corporation in violation of the provisions of the act of Congress of July 2, 1890, entitled "An act to protect trade and commerce against unlawful restraints and monopolies" (26 Stat. 210, c. 647 [U. S. Comp. St. 1901, p. 3202; 7 Fed. Stat. Ann. p. 345]), entered into and formed an unlawful combination and conspiracy to create and did, pursuant thereto, create, a monopoly, the purpose and effect of which was to control and monopolize certain branches of the tobacco business and trade between the states and with foreign countries. The allegations upon which plaintiff bases its right to sue are full and specific. It complies with the requirements of the act in that respect. Wheeler-Stenzell Co. v. Nat. Window Glass Ass'n, 152 Fed. 864, 81 C. C. A. 658, 10 L. R. A. (N. S.) 972; Loewe v. Lawler, 208 U. S. 274, 28 Sup. Ct. 301, 52 L. Ed. 488. That, by reason of such unlawful combination, and the acts of defendants pursuant thereto, plaintiff sustained injury to its property and business in the sum of $400,000. Pursuant to the provisions of section 7 of the act, judgment is demanded for treble damages—$1,200,000. The statute is expressly referred to in the complaint and made the basis of the first cause of action.

In the second cause of action the averments in regard to the character and citizenship of the parties are repeated. Omitting matter not material to the decision of the question now under consideration, the plaintiff alleges: That, at the dates set out, it was engaged in the manufacture of cigarettes, etc. That it was engaged in trade and commerce between the states and with foreign nations. "That the defendants conspired, combined, confederated, and agreed to and with each other, and other persons, firms, and corporations, their officers, agents, and employés, to injure and destroy the business of plaintiff, and in furtherance thereof, etc., adopted" certain means and methods, all of which are fully set forth. Plaintiff further alleges:

"That with intent to impede, impair, injure, and destroy the business of plaintiff, the defendants maliciously, wantonly, willfully, oppressively, and wickedly, through their officers and agents, acting within the scope of their employment, and by direction of, and with the approval of, the defendants, committed the wrongs herein set forth, whereby the business and property of plaintiff has been greatly impaired and injured to its damage, to wit, in the sum of $1,000,000. Wherefore plaintiff prays judgment against the defendants for the sum of $1,000,000 as punitive or vindictive damages, etc."

The defendant American Tobacco Company entered a special appearance for the purpose of filing a motion and special demurrer to the plaintiff's second cause of action, for that, as appears upon the face of the complaint, the plaintiff is a citizen and resident of the state of Virginia, and the defendant is a resident and citizen of the state of New Jersey.

The contention of the defendant American Tobacco Company is founded upon the proposition that, while it is conceded that, as to the first cause of action brought under the Sherman anti-trust act, the seventh section of which provides that any person injured in his business or property by any other person, or corporation, by reason of anything forbidden or declared to be unlawful by this act, may sue therefor in any Circuit Court of the United States in the district in which the defendant resides, or is found, the action is properly brought in this court. That, in respect to the second cause of action in which plaintiff seeks to recover punitive, or vindictive, damages for alleged injuries to its business, it can be sued only in the district in which it is "an inhabitant." To sustain this contention, it relies upon the provisions of the act of 1887, amended by the act of 1888 (Act March 3, 1887, c. 373, 24 Stat. 552, as amended by Act Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508; 4 Fed. St. Ann. 265]). By this act, jurisdiction is conferred upon the Circuit Courts of the United States, where the jurisdictional sum is involved, between citizens of different states; but it is expressly provided:

"That no civil suit shall be brought before either of said courts against any person, by any original process or proceeding, in any other district than that whereof he is an inhabitant: but when the jurisdiction is founded only on the fact that the action is between citizens of different states, suits shall be brought only in the district of the residence of either the plaintiff or the defendant."

It is conceded that, as to the defendant Wells-Whitehead Tobacco Company being incorporated and residing in the Eastern district of North Carolina, the action is properly brought. The question of venue may be raised, either by motion to set aside the service of process, or by special demurrer, when a special appearance is made for that purpose only and before pleading to the merits. Southern Pac. Ry. v. Denton, 146 U. S. 206, 13 Sup. Ct. 44, 36 L. Ed. 942; Cent. Ry. Co. v. Pinkney, 149 U. S. 194, 13 Sup. Ct. 859, 37 L. Ed. 699; Street's Fed. Eq. Prac. § 390. The right to raise the question of venue is waived by pleading to the merits or by filing a general demurrer. Street's Fed. Eq. Prac. § 387. It is well settled that a corporation is, within the provisions of the act, a citizen and an inhabitant of the state in which it is incorporated, although it may carry on business, have property, and maintain agents for service of process in other

states.   Shaw v. Quincy Mining Co., 145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768; So. Pac. Co. v. Denton, 146 U. S. 202, 13 Sup. Ct. 44, 36 L. Ed. 942; In re Keasbey, 160 U. S. 221, 16 Sup. Ct. 273, 40 L. Ed. 402; Macon Grocery Co. v. Atlantic Coast Line Ry., 215 U. S. 501, 30 Sup. Ct. 184, 54 L. Ed. ——.

It is clear, therefore, that for violations of the anti-trust act the defendant may be sued in any district in which "it is found," and that it "is found" wherever there is some agent or representative upon whom service of process may be made.   For a cause of action growing out of a breach of duty, or tort, the jurisdiction of which is not otherwise provided for, a corporation can be sued in the Circuit Court only in the district whereof it is "an inhabitant"; that is, where it is incorporated.   It is clear that the second cause of action sets forth a common-law tort—malicious injury to plaintiff's business.   The two causes of action are separate and distinct, founded and dependent upon distinct and, in many essential respects, different principles.   It is recognized by the pleader that, while, for the wrongs set forth as the basis of the first cause of action, he relies upon the language of the statute, alleges specific, actual damages to the plaintiff's property and business and demands the statutory measure of recovery, in the second cause of action he properly alleges that the wrongs of which he complains were committed maliciously, willfully, wickedly, etc., and for this he demands punitive, or vindictive, damages.   It is manifest that, for the matters and things set forth in the second cause of action, the plaintiff must find his right to invoke the jurisdiction of the Circuit Court of the United States, in the act of 1887–88, because of the diversity of citizenship between defendant and itself, and that, in seeking defendant for the purpose of suing, it is, by the express provisions of the act, compelled to go to the district of which it is "an inhabitant," or sue in the district of its own residence, unless defendant waives its privilege and consents to be sued in some other district.   The plaintiff has sued in a district of which neither the defendant, nor itself, is an inhabitant, and defendant, in the appropriate way, raises the objection to the venue.   Does the fact that it is sued jointly with the Wells-Whitehead Company, an inhabitant of this district, for a wrong alleged to have been committed jointly, deprive it of the right to make the objection?

In Strawbridge v. Curtiss, 3 Cranch, 267, 2 L. Ed. 435, Chief Justice Marshall said:

"Each distinct interest shall be represented by persons, all of whom are entitled to sue, or may be sued, in the federal courts."

In Coal Co. v. Blatchford, 11 Wall. 172, 20 L. Ed. 179, it is said:

"If there be several defendants, each defendant must be liable to be sued, or the jurisdiction cannot be entertained."   Anderson v. Watt, 138 U. S. 694, 11 Sup. Ct. 449, 34 L. Ed. 1078.

The question is discussed by Circuit Judge Gray in Lengel v. Am. Smelt. & Ref. Co. (C. C.) 110 Fed. 19.   After citing the authorities, the learned judge says:

"The cases in the Supreme Court, just referred to, were, it is true, dealing with the question of diverse citizenship only, as a ground of jurisdiction;

but the reasoning by which the conclusion is reached, that all the indispensable parties must be competent to sue, or be sued, in order to support the jurisdiction, is applicable to the requirements of the act of 1888, upon which the motion to dismiss is grounded. When the jurisdiction, therefore, is founded only on the fact that the action is between citizens of different states, as is the case here, the requirement of the act plainly is that suit must be brought either in the district where all the plaintiffs, if there be more than one, reside, or in the district where all the defendants, if there be more than one, reside. In this case the suit having been brought by a citizen and resident of Pennsylvania, in the district of New Jersey, it is requisite, under the act in question, that all the defendants named in the bill be residents of New Jersey." Jenkins v. York Cliff Co. (C. C.) 110 Fed. 807; Excelsior Co. v. Brown, 74 Fed. 321, 20 C. C. A. 428.

### It is well settled that the defendants may be sued separately.

"When several persons have been jointly concerned in the commission of a wrongful act, they may all be charged jointly as principals, or the plaintiff may sue all of them separately, torts being in their nature several, even when the wrongful act was jointly committed." Sessions v. Johnson, 95 U. S. 347, 24 L. Ed. 596.

"The act of each of several joint wrongdoers is regarded as the act of all, and the acts of all, in consummation of a common purpose, are regarded as the acts of each." Powell v. Thompson, 80 Ala. 56; Graham v. Houston, 15 N. C. 232.

From an examination of the authorities it would seem clear that, as to the second cause of action, the defendant American Tobacco Company can be sued only in the district whereof "it is an inhabitant." The special demurrer must be sustained. As the defendant Wells-Whitehead Tobacco Company does not join in the demurrer, the only order which, following the practice prescribed by the Code of Civil Procedure of North Carolina, can be made, is that, as to the defendant the American Tobacco Company, the second cause of action be dismissed. It is so ordered.

The defendants moved the court to strike out certain portions of paragraphs, and the whole of certain paragraphs, in the complaint specifically set out in the motion, for that they were immaterial, irrelevant, redundant, and contained mere evidence instead of allegation. This being an action at law, the rules of practice, pleading, and procedure shall conform, as near as may be, to those rules prevailing in the state Code of Practice and Pleading. While, therefore, in disposing of the motion, recourse must be had to the North Carolina Code of Civil Procedure, where, in like cases, the Supreme Court of the United States has made deliverance, its decisions must control. The elementary principle, upon which all modern Codes of pleading is based, requires the plaintiff, in his complaint or declaration, to set forth "a plain and concise statement of the facts constituting a cause of action without unnecessary repetition." For a violation of this rule, the defendant may move the court to strike out irrelevant and redundant matter. Revisal 1905, § 496. While the courts will, in proper cases, grant such motion, they usually permit a plaintiff to state his cause of action in his own way, provided he avoids scandalous and indecent matter. It is very difficult to analyze a complaint and eliminate all matter which may, upon the trial, prove to be immaterial or irrelevant without unduly restricting the plaintiff's right to "tell a con-

nected story" of his grievance. The strict technical rules of pleading, the enforcement of which so often delayed and frequently defeated justice, have been abrogated by modern Codes, or rules of court. It is, however, an elementary rule of pleading which should always be observed and enforced that facts, and not evidence, should be alleged. The purpose of all pleading is to bring the parties, at the earliest possible period, after the writ is issued, to either the general issue or, when proper, to specific issues of fact, the decision of which, by the jury, will enable the court to determine and declare the legal right and enforce the legal remedy. There are a number of causes of actions, or remediable wrongs, which, from their nature, cannot be stated with sufficient definiteness to enable the court to proceed without resorting to more than the usual particularity of allegation. This is peculiarly true where an unlawful conspiracy is charged. For the purpose of removing uncertainty in allegation, either in indictments or complaints in such cases, the courts usually require, upon demand, a bill of particulars. A very satisfactory description of a complaint sufficiently definite in an action for unlawful conspiracy is found in Murray v. McGarigle, 69 Wis. 483, 34 N. W. 522, wherein it is said:

"A complaint for conspiracy setting out, by way of inducement, the circumstances under which the injury complained of was committed, the conspiring together and common purpose of the defendants, the means used to accomplish their present purpose, the objects to be attained, the overt acts of one, or more, of the defendants in pursuance of such common purpose, is sufficiently definite."

So Chief Justice Shaw, in the leading case of Com. v. Hunt, 4 Metc. (Mass.) 126, 38 Am. Dec. 346, says:

"Conspiracy is an offense which specifically demands the application of that wise and humane rule of the common law that an indictment shall state, with as much certainty as the nature of the case will admit, the facts which constitute the crime intended to be charged."

"It is never enough that the purpose or the means are so described that they may be unlawful. If that is left uncertain, the indictment is fatally defective. It must appear to the court that, if the facts alleged are proved as stated, without any additional fact, or circumstance, there can be no doubt of the illegality of the conduct charged, nor of its criminality." State v. Parker, 43 N. H. 85.

Chief Justice Fuller, in Pettibone v. U. S., 148 U. S. 197, 13 Sup. Ct. 542, 37 L. Ed. 419, says:

"The general rule in reference to an indictment (for conspiracy) is that all the material facts and circumstances embraced in the definition of the offense must be stated, and that, if any essential element of the crime is omitted, such omission cannot be supplied by intendment or implication. The charge must be made directly, and not by implication, or by way of recital." United States v. Carll, 105 U. S. 612, 26 L. Ed. 1135.

In Swift & Co. v. U. S., 196 U. S. 375, 25 Sup. Ct. 276, 49 L. Ed. 518, in discussing the sufficiency of the bill, in a suit in equity, brought under the anti-trust act, Mr. Justice Holmes says:

"The scheme alleged is so vast that it presents a new problem in pleading. If, as we must assume, the scheme is entertained, it is, of course, contrary to the very words of the statute. Its size makes the violation of the law more conspicuous, and yet the same thing makes it impossible to fasten the principal fact to a certain time and place. The elements, too, are so numerous and

shifting. even the constituent parts alleged are and, from their nature, must be, so extensive in time and space, that something of the same impossibility applies to them."

Colt, Circuit Judge, in Cilley v. United States Mac. Co. (C. C.) 152 Fed. 726, sustaining a demurrer to the declaration in an action brought under the seventh section of the statute, says:

"Under the act of July 2, 1890, it is not sufficient to frame the declaration in the words of the statute. The statute does not set forth the elements of the offenses which are forbidden; and, further, there may be contracts in restraint of trade between the states or with foreign countries, and attempts to monopolize such trade or commerce which are not within the statute. These circumstances made it imperative that the substance of the contracts in restraint of trade, or the substantial facts which constitute the attempt to monopolize, should be set forth in the declaration."

In Rice v. Standard Oil Co. (C. C.) 134 Fed. 464, an action brought under the statute, the defendant moved the court to strike out the entire declaration on the ground that it was "irregular and defective and so framed as to prejudice, embarrass, and delay a final trial of the action." Lanning, District Judge, discussing the question, says:

"It is apparent that mere proof that the defendant has entered into a contract, or engaged in a combination or conspiracy in restraint of trade, or commerce, among the several states, will not be sufficient to support a cause of action under the seventh section, for there must, in addition thereto, be proof that the plaintiff has, by reason thereof, sustained damage. In his declaration, therefore, the plaintiff must aver not only facts showing such a contract or combination as is declared to be unlawful, but facts showing that, by reason of such unlawful contract, or combination, he has been injured in his business or property."

It is not contended that the complaint, in its entirety, is demurrable for that it does not set forth a cause of action or is not sufficiently definite, but that it contains "irrelevant and redundant matter." Many of the cases cited by defendant discuss the merits of the complaint upon demurrer—that the allegations do not set out any cause of action within the words or purview of the statute. The motion to strike out irrelevant and redundant matter cannot be resorted to for the purpose of trying the question of the sufficiency of the complaint; that can be done only by a demurrer. 20 Enc. Pl. & Pr. 988. If the complaint sets out no more than is required to sustain the action, such matter cannot be said to be irrelevant or redundant, although there may be, intermingled with the essential allegation, expressions and language not, strictly speaking. necessary. It is uniformly held that, in order to recover, the plaintiff must allege that the defendants have formed a conspiracy, or combination, in restraint of trade, or, if there be but one defendant whose acts are made the basis of the action, that it is of itself such a combination, within the purview of the act. To do this it is not only proper, but necessary to set forth fully the origin, character of defendant, its history, in regard to the alleged unlawful conduct, growth, methods of business in the respect complained of, and its combination with the other persons or corporations involved, etc. It is only in recent years that actions of this character have found their way into the courts and, as said by Mr. Justice Holmes:

"They present a new problem in pleading."

What constitutes a combination in restraint of trade, within the meaning of the act, although frequently discussed and, in a few cases, decided, has not yet passed beyond the domain of debate in the courts. Two cases of national concern, in one of which one of the present defendants is a party, involving the question, are now pending in the Supreme Court. In the Northern Securities Co. Case, 193 U. S. 331, 24 Sup. Ct. 454 (48 L. Ed. 679), it is said:

"The act declares illegal every contract, combination, or conspiracy, in whatever form, of whatever nature, whoever may be the parties to it, which directly, or necessarily, operates in restraint of trade, or commerce among the several states."

In several of the reported cases, the complaint, declaration, or petition is set out in full showing that, in setting forth the first essential fact, the pleaders have given a full history of the conduct and course of business of the defendants, and this has generally been sustained by the courts. While it may be that some unnecessary matter is referred to in the complaint in this case, taken as a whole, it conforms to the precedents which we have. To eliminate all such matter which, upon a critical analysis, might seem irrelevant or redundant, would endanger the structure upon which the plaintiff's cause of action is founded. Pleadings are to be given a fair, liberal construction. If, upon the trial, such matters are found to be irrelevant, they will be eliminated by excluding evidence in regard to them.

The plaintiff must set forth its own origin, character of business, and other relevant matter, so that the court may see that its business bears such relation to the alleged unlawful character and conduct of defendants as brings it within the provisions of the statute. This has been done. The final and essential allegation is, that "by reason of" the conduct of defendant in doing the things forbidden, or declared to be unlawful, it has been injured in "its business or property," and the character and extent of the damage. In meeting this requirement, the plaintiff sets forth, at much length, a course of conduct by defendant American Tobacco Company, by itself, and in connection with its codefendant, which brings the case clearly within the principles announced in Loewe v. Lawler, 208 U. S. 274, 28 Sup. Ct. 301, 52 L. Ed. 488.

Referring to the declaration in that case, Chief Justice Fuller says:

"We have given the declaration in full in the margin, and it appears therefrom that it is charged that defendants formed a combination to directly restrain plaintiff's trade; that the trade to be restrained was interstate; that certain means to attain such restraint were contrived to be used and employed to that end; that these measures were so used and employed by defendants; and that thereby they injured plaintiff's business."

The demurrer was overruled. In the same case, Platt, District Judge, on a motion to strike out matter from the complaint, says:

"It is not understood to be one of the functions of the court on such a motion as this to compel the plaintiffs to state their case in the way most satisfactory to defendants. Indeed, it is not easy to conceive how such a complicated situation, covering as it does such an important and serious question, could have been otherwise set forth. At any rate, a close scrutiny of the complaint discloses nothing which is so obviously wrong that it ought to be expunged on motion."

It is true, as suggested by defendants, that this case involved a charge of an unlawful combination involving a labor boycott. This however, does not affect the question under discussion. In People's Tob. Co. v. Am. Tob. Co., 170 Fed. 396, 95 C. C. A. 566, an action brought under section 7 of the act, Circuit Judge Shelby, after enumerating the essential averments of the petition, says:

"If the petition contains these essential averments, it is not subject to an exception of no cause of action, although it may contain surplusage and may specify some of the items of damage, which may not be recoverable."

He uses the following language, which may well be applied to the complaint in this case:

"At a great length, and with minute details, the petition alleges and describes the combination or conspiracy in restraint of interstate trade and commerce, showing that it is such as is condemned by the first section of the act. With equal fullness, there are allegations of an attempt by the defendants, with other conspirators, to monopolize the trade or commerce in tobacco among the several states, such an attempt and conspiracy as is condemned by the second section of the act. It is there alleged that the plaintiff was engaged in interstate trade, or business, such as that engaged in by defendant's companies, and that the described acts of the defendant were done for the purpose of obtaining a monopoly and destroying the business of the plaintiff."

The demurrer was overruled, reversing the district judge. While, in several of the cases found in the Reports, a tendency appears to restrict the language of the act and narrow the remedy provided by section 7, there is a manifest tendency on the part of the Supreme Court, and many cases in the Circuit Courts, to apply to the act the fundamental rule of construction which requires the court to so interpret statutes that they repress the evil and advance the remedy. The evil at which this statute is aimed is of national importance, and the remedies provided for its punishment and repression should not be restricted by technical and narrow rules of pleading. If the plaintiff in an intelligent way and by "a connected story" sets forth his grievance, he should not be turned away from the court or his pleading so mutilated, by striking out more or less essential averments, as to embarrass him and unduly limit the scope of his proof when he comes to trial. The motion to strike out matters of averment is denied. It is, however, manifest that, in several respects, the complaint sets out matter which is purely evidentiary. This should be eliminated.

In paragraph 6 of the first cause of action it is alleged:

"That the American Tobacco Company constitutes, and is itself, a combination in violation of the act of Congress approved July 2, 1890, entitled 'An act to protect trade and commerce against unlawful restraints and monopolies,' and has been so held and adjudged in a final decree of the United States Circuit Court for the Southern District of New York in the United States v. American Tobacco Co. and Others, filed December 15, 1908, and said decree is here expressly pleaded and asked to be made a part hereof, a copy of which is hereto attached, marked 'A.'"

It does not appear how the decision of the Circuit Court of New York in a suit in equity brought by the government for the purpose of enjoining the defendant American Tobacco Company, and other corporations, from holding stock in said corporations, can, in any

manner, be relevant to, or affect, the plaintiff's cause of action. The suit is not between the parties to this action, or any one in privity with them, nor has the plaintiff any connection with any of the parties to it. The only way, and the sole purpose for which a judgment in another suit may be pleaded, is to show an estoppel of record or sustain the plea of res judicata. If the purpose of the allegation is to advise the court that another court has adjudged the defendant to be a violator of the law, this may be done by citing the decision as an authority. It will be noted that the decree provides that, if any of the parties enjoined appeal to the Supreme Court, the injunction shall be suspended during the pending of such appeal. It is a matter within our knowledge that the cause is now pending on appeal in the Supreme Court of the United States. The allegation presents no issuable controversy, nor would the decree, or the fact that any such suit is pending, be competent in evidence upon any issue which could possibly be founded upon the pleadings. The averment is not only evidentiary, but irrelevant.

The motion to strike it out is allowed.

In paragraph 15 it is alleged:

"That the illegal purpose of the defendants to injure and destroy the business of plaintiffs is disclosed by certain letters written or received by Percival J. Hill, vice president of the American Tobacco Company, to or from W. M. Carter, R. G. Briggs, and others, and found in the letter book of said Percy J. Hill; the said letters having been introduced in evidence in the case of United States v. American Tobacco Co., tried in the United States Circuit Court," etc.

It may be that several of the letters attached as Exhibits, "B," "C," "D" would be competent evidence on the trial of the case; but many of them do not, so far as can be seen, have any relevancy to the issues. In any event, they are but evidentiary, and do not come within the well-settled rules of pleading as proper exhibits. The paragraphs referring to them, together with the exhibits, should be stricken out.

In the supplemental complaint filed after W. M. Carter had been made a party defendant, certain conversations alleged to have been had by said Carter, set out in full, and a typewritten memorandum made at the time by way of exhibit, are attacked. This matter and the exhibit is strictly evidentiary. The declarations of Carter relied upon to show a conspiracy between his codefendants and himself are incompetent as against them, and would not be admissible in evidence. They should not be set out in the complaint.

The motion to strike out the alleged conversations with Carter and the Exhibit E is allowed.

In all other respects than those referred to, the motion is denied.